Stephens Dictionary.)
v. In *Roosevelt* v. *Kellogg*, (20 Johns. R. 210, 11,) a *resident*
Beard. of a place is said to be synonymous with an inhabitant, " one
that resides in a place ; " and in the *Matter of Fitzgerald,* a
resident within the state was held to be one who had not a
mere residence of a temporary nature, but one of a perma-
nent and fixed character. (2 Caines, 318.) In the recent
case of *The matter of Thompson,* (1 Wendell, 43,) a distinc-
tion was supposed to exist between residence and domicil,
the latter being a residence with an intention of always re-
maining ; and the former was in that case considered applica-
ble, where an American citizen resided in Scotland more than
two years, transacting commission business there, though he
had expressed an intention to return.

---

## STEPHENS *vs.* BEARD.

Compensation for the part performance of a contract by a defendant cannot
be set-off against the damages of the plaintiff occasioned by the non-per-
formance of the residue : and it was accordingly holden, where one party
agreed to saw by a given time 300,000 feet of boards at a stipulated price
per 1000 feet, and failed to saw the whole quantity, that though he had
sawed 144,000 feet, which had been received by the other party, that a
compensation for the quantity sawed could not be set-off against the
claim for damages for the omission to saw the residue.

THIS was an action of assumpsit, tried at the Chenango
circuit in December, 1828, before the Hon. SAMUEL NEL-
SON, one of the circuit judges.

The defendant contracted, on the 1st June, 1827, to saw such a quantity of logs for the plaintiff by the 1st April then next as would make 300,000 feet of boards, for which the plaintiff agreed to pay $2 per 1000 feet; the logs to be furnished by the plaintiff. By the 1st December, 1827, the defendant had sawed 144,000 feet, which were accepted by the plaintiff; but the defendant then refused to saw any more for the plaintiff, although a sufficient quantity of logs were furnished by the plaintiff to have enabled the defendant to have completed his contract. The plaintiff brought his action to recover damages for the non-performance of the contract, and obtained a verdict of $194.

A motion was made for a new trial on various grounds; and amongst others, for misdirection by the judge, and that the damages found were not warranted by the evidence. The charge of the judge was sustained by the court. The principal question arising upon the case refers to the right of the defendant to *set off* his claim for the boards actually sawed by him, against the claim of the plaintiff for damages. In reference to this question only, the case is reported.

*R. Monell & J. A. Collier,* for defendant.

*J. Clapp,* for plaintiff.

By the *Court,* SUTHERLAND, J. If the defendant was entitled to an allowance in this action, by way of off set or otherwise, for sawing the 144,000 feet of boards, which were actually delivered to the plaintiff, in part performance of this contract, then the verdict is against evidence as to the quantum of damages.

The contract of the defendant was entire to saw 300,000 feet of boards for the plaintiff before the first of April, 1828, at $2 per thousand feet. It is admitted that the plaintiff did every thing which it was incumbent upon him to do to enable the defendant to perform, and that the defendant was not prevented from performing by any inevitable accident. His mill was capable of sawing the whole quantity within the time limited. But after he had sawed 144,000 feet for the plaintiff, he ceased sawing for him and sawed for himself.

NEW-YORK, and other persons.  The question is whether, in an action
May, 1830. brought against him upon this contract to recover damages
Stephens for his neglect to saw the residue of the boards, the defendant
v. is entitled to compensation, by way of off set or in mitigation
Beard. of damages, for his work and labor in sawing the 144,000
feet which were actually delivered.

That the defendant could not have maintained an action
against the plaintiff, either on the special agreement or for
work, labor and services, for what he had done in part per-
formance of his contract, there can be no question.  The con-
tract was entire, and an entire performance, unless prevented
or excused by the plaintiff, was indispensible to any right of
action, in any form on his part.  (*McMillan* v. *Van Derlip,*
12 Johns. R. 165.  *Jennings* v. *Camp*, 13 Johns. R. 94.
*Ketchum & Sweet* v. *Evertson.* 13 Johns. Rep. 359, and the
authorities cited in those cases.)

If the defendant could not maintain an action for those
services, he could not off set them in any suit brought by the
plaintiff against him ; for no demand can be off set at law, up-
on which an action at law cannot be maintained.  (Montague
on Set off, 17, et sequ.  2 Johns. Dig. 355, and cases there re-
ferred to.)

Upon what principle then, and in what manner is the de-
fendant to be allowed the benefit of his partial performance ?
The plaintiff claims damages for the neglect or refusal of the
defendant to saw the 156,000 feet of boards, parcel of the
300,000 feet which he had agreed to saw. ' The defendant
admits the violation of his contract, and that so far as the
156,000 feet are concerned, the plaintiff had sustained dam-
ages by his non-performance, at least to the amount of $100.
But then, he says, " I performed the residue of the contract
and sawed for him 144,000 feet, my services in doing which
were worth to him $2 per thousand feet, by his own admis-
sion ; and, in estimating his *damages* in consequence of my
*partial non-performance*, the *benefit* received by him from my
*partial performance* is to be taken into account and to be
deducted."  This reasoning must be fallacious.  The fallacy,
I apprehend, is this : The action, though in form it alleges
an entire breach of the contract, is, in fact, for the omission

of the defendant to saw the 156,000 feet, and the claim for damages is confined to that. The defendant has the benefit of his partial performance; having been accepted by the plaintiff, it is *pro tanto* an answer to this action, and leaves the parties in the same condition as though the contract had been to saw 156,000 feet, and had been entirely unperformed. The defendant cannot, in this indirect manner, recover for services which, by the established principles of law, he cannot recover for directly.

If this claim is excluded, the damages given are fully warranted by the evidence.

I am of opinion that the motion for a new trial should be denied.