A reference to the opinion delivered in this court when the cause was here before, reversing the judgment of the Supreme Court in favor of the plaintiffs, and granting a new trial, will show that such reversal was made upon the ground of error in the charge of the judge who tried the cause. He had charged the jury that if the defendant had delivered the rye or any part thereof, after he had a right to exact security by the terms of the contract, he had waived the security, and had no right to exact it as to the oats and corn, not delivered. This was held to be erroneous by this court. It was said that it was clear that the defendant might waive the performance of the stipulation, but that it by no means followed, because he chose to deliver a part of the property sold without exacting the security, he waived it altogether. It was added that "the utmost effect of the defendant's partial delivery was to waive the condition as to the property actually delivered, but that he had a right at any time in the progress of the delivery *Page 464 
to stop and insist upon the performance of the plaintiffs' engagement to give security." We are to regard, then, the defendant as having dispensed with the requirement of security so far as the rye was concerned. That part of the contract may be regarded as having been performed to the mutual satisfaction of the parties, or it may be considered as entirely out of the case. What then were the rights and duties of the parties as to the residue of the contract; or, assuming the contract to relate only to the oats and corn, in reference to that contract? That was all of the original contract which remained unperformed, and it may be regarded as an independent contract. As the proof now stands, the plaintiffs required performance on the part of the defendant, and offered the security agreed upon, or to pay in advance the contract price of the corn and oats. The defendant refused to perform on his part, not upon the ground that the plaintiffs did not offer to do all they had agreed, but upon the ground that not having given security as to the rye, the whole contract fell through, and the defendant was excused from performing the residue of the old contract or the independent one. In this view the judge at the circuit manifestly concurred, in nonsuiting the plaintiff. But a slight consideration of the point presented will show it to be untenable. Assuming, as we may, that the contract as to the rye was an independent contract, and had been fully executed in accordance with the agreement and to the satisfaction of the parties, then the defendant's position is this: "the plaintiffs not having performed another contract in the precise manner it was agreed it should be performed, though the precise form of performance has been waived by mutual consent, and a different performance accepted, yet I am discharged in consequence from performing another agreement with the plaintiffs, although they are ready and offer to perform it on their part in exact conformity with its terms." It can be hardly necessary to add that such a defence cannot avail the defendant. As this court held in this case, the security was only waived as to the rye delivered; as to the oats and corn the defendant had the right to exact the security, and the same being tendered by the *Page 465 
plaintiffs, no excuse is shown for non-performance of the contract on his part. The plaintiffs have proved more on this last trial than they were called on to establish to entitle them to recover. They were under no obligation to make a tender of the security; it was enough that they were ready at the time and place appointed for the performance of the contract, to receive the corn and oats, and give the security. (Coonley v.Anderson, 1 Hill, 523; Bronson v. Wiman, 4 Seld., 182-188.)
The time then appointed, so far as relates to the oats and corn, may well be held to be that at which the interview between the parties took place after the delivery of the rye. Even, therefore, if the plaintiffs under the circumstances could have been required to have been ready at the time and place, to have performed on their part, it is quite clear that they were so, and intended strictly to have complied with the terms of their contract. But readiness or a tender on the part of the plaintiffs were not necessary under the facts disclosed in this case. It is quite clear that the defendant had previously made up his mind not to comply with the contract; and readiness and a tender by the plaintiffs under such a state of facts would have been an idle ceremony. The acts and declarations of the defendant were equivalent to notice to the plaintiffs that he did not intend to comply with the terms of the contract on his part and perform it. A tender, therefore, by the plaintiffs of the security, was not called for. (Crary v. Smith, 2 Comst., 60.)
The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.