ALFRED BLEWETT, Respondent, *v.* HENRY BAKER, Appellant.

Where, by a contract between the parties, the assignment of a lease by plaintiff, with the assent of the landlord, was a condition precedent, *held*, that an offer of performance by plaintiff and an absolute refusal to accept, upon the part of defendant, excused a formal tender by the former of an assignment executed by him, with the written assent of the landlord thereto.

(Argued October 6, 1874; decided November 10, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of the plaintiff entered upon a verdict. (Reported below, 5 Jones & Spencer, 23.)

This action was brought to recover damages for an alleged breach of contract.

Plaintiff alleged, and his evidence tended to show, that in April, 1872, he entered into a contract with defendant by which he agreed to lease certain premises in New York suitable for the manufacture of what was styled "patent bolster spring beds;" was to find security for the payment of the rent and to assign the lease to defendant. He was to manufacture in said premises, within one year, 15,000 of the beds for defendant, who contracted to pay him therefor

twenty-eight cents each. This contract was subsequently modified, defendant agreeing to assume and pay the rent of the premises and to pay twenty cents apiece for the beds. In pursuance of the agreement plaintiff procured a lease which defendant, after retaining a few days, desired to have altered by the change of a renewal clause therein. Thereupon plaintiff procured a new lease altered to conform to defendant's wishes. The lease contained a clause prohibiting an assignment without the assent of the landlord. Plaintiff had an assignment drawn up but did not sign it. He tendered the papers to defendant, offering to perform, but the latter refused to accept the lease or to carry out the contract solely on the ground of delay in getting the lease.

*Amasa J. Parker* for the appellant. Plaintiff could not recover without proving performance of the conditions precedent or a waiver thereof, or that he was ready and offered to perform but defendant rejected his offer. (*Tipton* v. *Feitner*, 20 N. Y., 423; *Brown* v. *Weber*, 38 id., 187; Chitty on Con., * 638.) Plaintiff was bound to show the written consent of the owner to the assignment. (*Murray* v. *Harway*, Gen. T., 8 Alb. L. J., 347.) When a contract is silent as to the time of performance, the law infers an engagement that it shall be executed within a reasonable time. (Chitty on Con., * 629, note, and cases cited.)

*Geo. W. Lord* for the respondent.

ALLEN, J. Upon conflicting evidence the jury have found for the plaintiff, and the verdict cannot be disturbed by this court. The verdict establishes the making of the contract as alleged by the plaintiff, and that, within a reasonable time after the modification of the agreement, the plaintiff procured a lease of the premises required for the performance of the work contracted for and offered to assign the same to the defendant, in pursuance and performance of the agreement, who refused to accept the same, and repudiated the contract,

upon the sole ground (which was negatived by the verdict) that the offer of performance by the plaintiff was not seasonable in point of time. This absolute refusal to accept an assignment of the lease excused a formal tender and offer by the plaintiff of an assignment actually executed by him, with the written assent of the landlord to such assignment. (*Crary* v. *Smith*, 2 Comst., 65; *Cornwell* v. *Haight*, 21 N. Y., 462.)

The motion for a nonsuit was properly denied. The questions of fact were fairly and properly submitted to the jury. The case turned solely upon questions of fact, and every question of law sought to be presented was obviated by the verdict of the jury, fully sustained by the evidence. It was not a case for an appeal to this court.

The judgment must be affirmed.

All concur.

Judgment affirmed.