FELDMANN v. RELIANT HOLDING CO.

(Supreme Court, Appellate Term. May 18, 1911.)

VENDOR AND PURCHASER (§ 335*)—CONTRACT TO PURCHASE—DEPOSITS—RIGHT TO RETURN.

Agreements whereby plaintiff contracted to purchase real estate, assuming and giving mortgages for the price, and deposited $1,000 to secure performance, and to be returned on performance, including his agreement to make material alterations on the building, must be treated as a single contract, defeating his right to recover the deposit on breaking the agreement.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 335.*]

Appeal from City Court of New York, Trial Term.

Action by Aladar Feldmann against the Reliant Holding Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Cahn & Nordlinger (Emanuel S. Cahn, of counsel), for appellant. Benjamin Berger, for respondent.

SEABURY, J. This action was brought to recover the sum of $1,000, which the plaintiff deposited with the defendant under the terms of a written contract entered into between the plaintiff and the defendant. Under the terms of the contract, the plaintiff agreed to buy from the defendant the premises known as 454 Broadway, in New York City, for the sum of $95,001. As part of the consideration, the plaintiff agreed to take the property subject to a $75,000 mortgage, and to execute a bond and mortgage for $20,000, and to make substantial alterations in the building. The alterations agreed to be made were of such a character as to materially increase the value of the property. The plaintiff, pursuant to the terms of the contract, deposited with the defendant the sum of $1,000, and agreed that upon the delivery of the deed he would deposit the further sum of $4,000. The sum of $5,000, which the plaintiff agreed to deposit with the defendant, was, under the terms of the contract, to be returned to the plaintiff when the plaintiff complied with all the requirements of the contract and furnished a certificate of the building department showing that the alterations had been finished in accordance with law. It was shown upon the trial that the plaintiff broke his contract, that he refused to take title to the property in accordance with the terms of the contract, that the plaintiff never made any alterations upon the premises, and that of the $5,000 agreed to be deposited he only deposited $1,000.

The court below held as a matter of law that the $1,000 deposited under the contract was deposited under an agreement, separate and distinct from the contract, to purchase the premises in question; and the jury, under the court's instruction, rendered a verdict for the plaintiff for the sum of $1,000, less the expenses which the defendant in-

curred for counsel fee in searching title. We think the learned court below erroneously interpreted the contract upon which the action was brought. When considered as a whole, we think it is apparent that the alterations were to be made for the purpose of enhancing the value of the defendant's security under the second mortgage of $20,000, which the defendant was to take and the plaintiff was to give as part of the purchase price of the property. The $1,000 which the plaintiff deposited was, therefore, subject to the same rule of law which would be applicable to money paid on the contract as part of the purchase price. The plaintiff, having been guilty of a breach of his contract, should not be permitted to recover part of the money which he paid under it. Havens v. Patterson, 43 N. Y. 218; Lawrence v. Miller, 86 N. Y. 131. Under the terms of the contract which the plaintiff breached, the $1,000 deposited was not to be returned to the plaintiff until he proved that all the requirements of the contract had been performed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.