BENJAMIN FRIEDLAND, Respondent, *v.* ARGENTOR HOLDING CORPORATION, Appellant.

First Department, October 30, 1925.

Vendor and purchaser — action by purchaser to recover back deposit made — contract provided that if purchaser defaulted, deposit could be retained by vendor and that extension of time would be given on further deposit — additional deposit was made and time extended — purchaser defaulted — purchaser cannot recover either deposit.

A purchaser of real property, under a contract providing for the making of an initial payment and for the making of an additional payment in case the time of closing is extended, which provides also that if the purchaser defaults the initial deposit shall be retained by the seller as liquidated damages, cannot, on

defaulting, recover from the vendor either the initial deposit or an additional deposit made to procure an extension of the time for closing.

It was the intention of the parties that the provision relating to the retention of the deposit by the vendor should apply, not only to the initial deposit, but to any subsequent deposit made for the purpose of having the time extended.

MERRELL, J., dissents.

APPEAL by the defendant, Argentor Holding Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of November, 1924, denying defendant's motion under rule 106 of the Rules of Civil Practice and section 277 of the Civil Practice Act to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Philip J. Ross* [*John J. Cunneen* of counsel], for the appellant.

*William M. Silverman,* for the respondent.

FINCH, J.:

This controversy arises out of a written contract created by the parties, and this appeal raises but a single question of law, namely, the proper construction of certain provisions of said agreement. The facts, in so far as necessary to present the question herein decided, are, briefly, as follows: The plaintiff's assignor agreed in writing to purchase certain real property from the defendant for $180,000, paying $1,000 on the signing of the contract; $34,500 in cash on the delivery of the deed; and the balance on mortgage. The contract provided for taking title on June 10, 1924. The provisions of said contract upon which the complaint is based are as follows:

" It is hereby understood and agreed that time is of the essence of the contract, and if the purchaser does not take the title on the date hereinafter agreed that this contract shall then become cancelled and the deposit of $1,000 shall be retained by the seller as liquidated damages.

" It is further understood and agreed that the purchaser may obtain an extension of time within which to take title to June 30, 1924, upon further payment of $4,000 additional to be applied on account of the purchase price."

The complaint alleges the payment of $1,000 upon the signing of the contract and the payment pursuant thereto of $4,000 for the extension of time to take title from June tenth to June thirtieth; and that at the request of the plaintiff the time to take title was further extended by the defendant from June thirtieth to July second. Thereafter the plaintiff notified the defendant that he would be unable to complete the purchase, and demanded the repayment to him of said $4,000.

In holding that the complaint stated a cause of action in behalf of the plaintiff, entitling him to a recovery of the $4,000, the learned court at Special Term was in error. As noted by the justice in his opinion, a sum paid on account of the purchase price pursuant to a contract for the purchase of real estate cannot be recovered back by a vendee who is in default. (*Lawrence* v. *Miller*, 86 N. Y. 131; *Beveridge* v. *West Side Const. Co.*, 130 App. Div. 139.) As was said in *Lawrence* v. *Miller* (*supra*, 139): " It is declared by this court in *Havens* v. *Patterson* [43 N. Y. 218], that it is never permitted either at law or in equity, for one to recover back money paid on an executory contract that he had refused or neglected to perform. The plaintiff in the action before us sues for the whole amount of the money paid by the vendee. The defendant came by it rightfully; in pursuance of a contract lawfully made, between competent parties. He has made no breach of that contract. He has failed in no duty to the vendee. Wherefore, then, should he give up that which was rightfully his own? When and whereby did it cease to be his and to be due to the vendee? If the contract had been kept by both parties, the money paid would still be his of right. The contract would have been kept but for the breach of it by the vendee. To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract, which the law does not allow. When we once declare in this case that the vendor has done all that the law asked of him, we also declare that the vendee has not so done on his part. And then to maintain this action would be to declare that a party may violate his agreement, and make an infraction of it by himself a cause of action. That would be ill doctrine. (See *Ketchum* v. *Evertson*, 13 Johns. 359.) Nor can the specious view be taken, presented by the plaintiff, that the defendant is entitled to no more than he has actually been damaged. That was substantially the question in *Stephens* v. *Beard* (4 Wend. 604), and the answer was against it. The doctrine of *Ketchum* v. *Evertson* (*supra*) is reiterated in *Page* v. *McDonnell* (55 N. Y. 299)."

It was sought, however, to avoid the application of this principle in the construction of the contract in the case at bar by holding that in providing for the retention of the $1,000 paid at the time of the signing of the contract, as liquidated damages, the parties intended that all other amounts paid on account of the purchase price might be recovered back by the vendee. That this inference does not follow is seen from the fact that the contract expressly provided that the purchaser should receive, as consideration for the payment of this further sum of $4,000, an extension of time within which to take title. By means of this payment the plaintiff has bought

and paid for an extension of time, which the plaintiff has had and received. Having eaten his cake, he cannot demand back its price. If the vendor must return this amount at the whim and caprice of the vendee, should the latter choose to default, the vendor would then receive no consideration for his extension. In addition, the vendor may be in a worse situation if he should grant the privilege of an extension of time than if no such extension had been granted, since he must keep on hand the $4,000 which must be returned by him at any time that the vendee should choose to default and demand the same. A contract must be construed in accordance with the reasonable intention of the parties, arising from the language used, so as not to give undue advantage to either party. As was said by HOGAN, J., in *Sanford* v. *Brown Bros. Co.* (208 N. Y. 90, 96): " ' It is a well-established canon of interpretation that in seeking for the intent of parties the fact that the construction contended for would make the contract unreasonable and place one of the parties at the mercy of the other may be properly taken into consideration.' " To give the contract the construction contended for by the plaintiff, respondent, for the reasons above stated, would be against the reasonable intention of the parties.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING and BURR, JJ., concur; MERRELL, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.