PAOLO GENOVESE, Respondent, *v.* A. LENOBEL, INC., Appellant.*

Supreme Court, Appellate Term, Second Department, January 12, 1934.

* Revg. 148 Misc. 548.

*Robert Jablin,* for the appellant.

*Gellman & Gellman,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, without costs to either party upon this appeal, and judgment directed dismissing both the complaint and counterclaim, with appropriate costs to the defendant.

The plaintiff breached his contract to purchase an automobile from the defendant. He, therefore, would have no right to recover any payment he had made under that contract. (*Lawrence* v. *Miller,* 86 N. Y. 131; *Keystone Hardware Corporation* v. *Tague,* 246 id. 79.) Nor is the plaintiff entitled to recover for the old automobile which he turned over to the defendant. That automobile was taken in payment of a portion of the purchase price of the new car and must be treated the same as if it were a cash payment. The fact that the contract provided that the old car was " taken in on consignment only " does not change the rule above stated. There is no evidence as to what the parties meant by this provision, but, whatever the purpose was for its insertion, it is evident that the old car was to become the property of the defendant, and that it was not to be returned to the plaintiff. The plaintiff, therefore, was not entitled to recover either the value of that car or the sum which the defendant received for it upon its sale. Having breached his contract, plaintiff lost all that he had put into the contract. The trial court found as a fact that there were no special circumstances which would entitle the defendant to recover its profits, and hence dismissed its counterclaim.

All concur; present, CROPSEY, FABER and LEWIS, JJ.