L. Barron Hill, J.
These jointly tried actions arise out of a contract for the sale of real property located at Amityville, New York. Action No. 2 was instituted by the seller, Amity Farms Shopping Center, Inc., against Harold J. Morse, the purchaser’s original attorney, to recover the sum of $6,500, a portion of the down payment paid on the signing of the contract deposited with Mr. Morse as escrowee at the execution of an amendment to the contract of sale. Action No. 1 was brought by purchaser’s assignee to establish a vendee’s lien upon the real property in the sum of $10,000 paid to the seller, and for judgment that the seller has no interest in the escrow deposit of $6,500. The seller counterclaimed in the first action for damages for breach of contract but discontinued this claim at the termination of the trial.
A sales contract was executed on October 1, 1957. The total price for the realty in question was $330,000 and the purchaser paid the sum of $16,500 to the seller by check subject to collection. The property contained two parcels; one being leased to the Shell Oil Company which lease granted Shell Oil Company an option to buy either of the parcels under contract on the same terms of any bona fide offer received by the seller. The contract also required the purchaser to use its best efforts to obtain a first mortgage commitment in the sum of $250,000, or, if the commitment obtained was below that figure, the seller would accept a second mortgage for the difference. There was also certain provisions regarding personal guarantees of a specified portion of this mortgage.
On the following day, at the request of the purchaser, the parties agreed upon an amendment to the contract which provided for the return of the $16,500; and in lieu thereof the sum of $10,000 was paid to the seller, and $6,500 to the purchaser’s attorney Mr. Morse. The amendment provided that the escrowee was to pay the sum of $6,500 to the seller seven days after he was notified that Shell Oil Company would not exercise its option,
*360 About a week later the seller was informed that Shell Oil Company was not interested in exercising its option provisions and notified the escrowee, requesting the $6,500. Prior to the termination of the seven-day waiting period, the seller received a so-called written assignment and assumption agreement wherein the purchaser would be released from all liability under the contract upon the assignment of same, and the assignee’s assumption of performance. This instrument also contained a representation by the seller that the purchaser had not breached or attempted to breach the contract. The seller refused to sign this agreement since it had not yet received the $6,500 escrow deposit. Nevertheless, the seller agreed to execute this instrument as soon as it received the escrow payment, but the purchaser refused, claiming a breach.
It is apparent to me that from the beginning, the purchaser entered into this agreement half-heartedly. Within a short time it embarked upon a course of conduct designed to place the seller in default. However, the seller abided by the terms of the contract, obtained a commitment from the Franklin National Bank which was in effect at the closing date, and also was as prepared to close as any seller might be with a recalcitrant buyer. Indeed, the buyers (purchaser’s assignee) came to the closing not to consummate the transaction, but with a document stating the reasons for their refusal. The alleged title defects were frivolous.
I find that the mortgage loan was obtainable; that the title company was willing to approve and insure at the closing as required; that the seller was able to give good title; and, that the seller made valid tender at the closing. On the other hand, the purchaser’s attorney withheld the escrow payment while his then client and later the assignee were attempting to establish a default. Accordingly, the action to establish a vendee’s lien is dismissed, and the seller shall have judgment for the $6,500 down payment (Lawrence v. Miller, 86 N. Y. 131, 140).
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.
Settle judgment.