Birdie Amsterdam, J.
Plaintiff moves, pursuant to rule 109 of the Rules of Civil Practice for an order striking out the affirmative defense and counterclaim for insufficiency. Plaintiff and defendant corporation are respectively the buyer and seller. Plaintiff claims breach of contract in that the defendant failed to have the necessary court order and directors’ resolution on the day of closing approving the sale of the premises, as provided in the agreements. Such approvals, it is contended, are required by law, as well as by the terms of the contract. The *850 first cause of action against the corporate defendant is stated for the recovery of the down payment. A second cause of action against the corporation alleges that plaintiff suffered damage by reason of fraudulent representations made to the plaintiff in order to induce the plaintiff to enter into a second and modifying agreement of sale. By the third cause of action against the corporation, plaintiff seeks a judgment annulling the second and modifying agreement. In the fourth cause of action against the corporation, plaintiff seeks the recovery of damage sustained, as alleged, by reason of defendant’s interference with plaintiff’s contractual rights. Finally, a fifth cause of action alleged against the individual defendants is based on a claim of fraudulent inducement.
In the defense asserted on behalf of all of the defendants and as a counterclaim on behalf of the defendant corporation, it is alleged that the defendant corporation is a domestic, nonstock corporation and on September 30, 1960 was the owner of the subject premises, when a contract of purchase and sale was made between it and the plaintiff. A further agreement was made between the parties, dated June 2, 1961. On August 2,1961, the defendant was ready, willing and able to perform and made due tender. Despite defendant’s due performance, plaintiff failed and refused to pay and still fails and refuses to pay any part of the purchase price, except as to the amounts paid on the signing of the agreements. Finally, it is alleged that, by reason of such breach, plaintiff has waived and forfeited any claim to the down payments, subject of the first cause of action in the complaint, and such money is the sole and separate property of the corporate defendant. Defendant alleges inadequate remedy at law. In addition to dismissal of the complaint, defendants ask judgment declaring that the plaintiff is in default under the contracts and that the moneys paid on account thereof are the property of the corporate defendant absolutely.
Those allegations as a defense could stand, at best, as a defense to the first cause of action only and, as to that, the defense is wholly conclusory. The counterclaim is insufficient and raises no question not already raised by the complaint and denials.
Defendants argue that a vendee who has not performed may not recover any sum paid on account of the purchase price so long as the seller is ready, willing and able to convey. Further, defendant relies on Corbin on Contracts (vol. 5, § 1130, p. 579) where the author states: “As long as the vendor continues to assert these rights and to remain ready and willing to make conveyance as agreed, the defaulting vendee has no right of *851 restitution; he cannot recover back money that he has paid as it is money that the vendor could still compel him to pay if as yet unpaid.” These defendants contend that a vendee, entitled otherwise to the recovery of the down payment, may not be so if the vendor remains ready, able and willing to convey, especially where the vendor’s performance has not been made of the essence as to time. Therefore, it is argued that if plaintiff should fail to recover here, yet defendant will not know how long it must retain ownership and possession before conveying to a third party and perchance thereby lose the right to retain the down payment. Defendants urge that, because of these considerations, judgment in their favor upon plaintiff’s complaint will leave them uncertain as to their right to convey and their ultimate right to retain the moneys in dispute.
In Lawrence v. Miller (86 N. Y. 131) it was held that wrhere neither party makes a demand or offer of performance and the vendor makes a sale of the property to another, the vendee is not entitled to recover the money paid. Here, the plaintiff, as alleged, has made a demand for performance and a due tender. Consequently, plaintiff’s claim of right to recover the down payment would be lost only if the defendant was under a continuing offer to perform and did demand that the plaintiff specifically perform. This is not, however, the relief which the corporate defendant seeks by the counterclaim and it may not ask and receive a declaration of rights as if it continued to offer and demand performance.
The motion is granted dismissing the defense and counterclaim, with leave to the defendants to serve an amended answer within 20 days from service of a copy of this order with notice of entry.