[641 NYS2d 252]

Chateau D' If Corp., Respondent, v City of New York, Appellant.

First Department, April 18, 1996

## APPEARANCES OF COUNSEL

*Charles E. Dorkey, III* of counsel, New York City (*Edward J. Henderson* on the brief; *Haythe & Curley,* attorneys), for respondent.

*Ronald E. Sternberg* of counsel (*Leonard Koerner* and *Debra Hochman* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellant.

## OPINION OF THE COURT

SULLIVAN, J. P.

The City of New York appeals from the grant of summary judgment directing the return to plaintiff, a contract vendee, of its $1.3 million down payment under a contract for the sale of real property. The City also seeks, pursuant to CPLR 5517 (b), review of an order denying its motion for reargument of the summary judgment motion and its request for dismissal of the complaint.

The basic facts of this case are straightforward and undisputed. As plaintiff states the case, after "successfully bidding on a parcel of real estate offered up at public auction by [the City]" and paying a deposit of $1.3 million towards the $13 million purchase price, it "defaulted at closing". The City declared plaintiff in default and retained its $1.3 million deposit. The terms and conditions of sale in the public auction brochure provided: "If the Deputy Commissioner places the Purchaser in default, the City shall retain all moneys paid on account of the purchase as partial liquidated damages and the City may sell the property as hereinafter provided in paragraph 23." Paragraph 23 provides that the City may, "at its option, * * * resell the property if the Purchaser shall fail to comply with the terms of sale, and such Purchaser shall, in addition to forfeiting any deposits made on account thereof, be held liable for any deficiency which may result from such resale." The City subsequently offered the property for sale at public auction, which brought a high bid of $7.259 million. The sale did not take place, however, and the City continues to hold the property, using it as a shelter for homeless women.

Plaintiff thereafter, on the basis of an officially unreported case, *Todt Hill Homes v City of New York* (Sup Ct, NY County, Apr. 14, 1990, DeGrasse, J., index No. 45735/89), commenced the instant action to recover the down payment retained by the City. In *Todt Hill*, which involved a partial liquidated damages clause identical to the one at issue here, the court, recognizing that the partial liquidated damages clause "permits the City *both* to retain the bidder's deposit *and* to sue to recover contract damages," held that the clause "imposes an unauthorized penalty" upon a defaulting purchaser and found it unenforceable as a matter of law.*

The City counterclaimed for contract damages arising out of plaintiff's default. Plaintiff thereafter moved for summary judgment on its $1.3 million claim and for dismissal of the City's counterclaims for failure to state a cause of action inasmuch as the damages sought are not provided for or contemplated by the public auction brochure. The City conceded the applicability of *Todt Hill* and the unenforceability of the partial liquidated damages clause but argued that it was entitled to maintain an action for the recovery of contract damages. Relying on *Todt Hill*, and the City's concession that the partial liquidated damages clause is unenforceable, the motion court awarded plaintiff summary judgment as to its $1.3 million deposit and directed its return, but, finding the City's claims legally cognizable, denied the motion for dismissal of the counterclaims.

Plaintiff moved to reargue the latter aspect of the court's determination and the City cross-moved to reargue plaintiff's summary judgment motion, seeking dismissal of the complaint on the ground that well-established law in New York barred a defaulting vendee of real property from recovering its down payment (*see, Maxton Bldrs. v Lo Galbo*, 68 NY2d 373). The court denied reargument to both parties. The City appeals from the judgment entered on the order granting summary judgment. That appeal does not bring up for review the subsequent order (*see,* CPLR 5517 [b]), which, contrary to the City's argument, did not implicitly grant but, rather, unequivocally denied reargument. As such, it is not appealable. We reverse the grant of summary judgment in plaintiff's favor and dismiss the complaint.

Plaintiff argues that it is entitled, as a matter of law, to a refund of its deposit because the City's partial liquidated dam-

---

* The City's appeal in *Todt Hill* was withdrawn.

ages clause is, according to *Todt Hill (supra)*, "an unenforceable penalty". Despite the City's concession on the original motion based on the unenforceability of the partial liquidated damages clause, plaintiff is not entitled to a refund of its deposit.

"For more than a century it has been well settled in this State that a vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment." (*Maxton Bldrs. v Lo Galbo*, 68 NY2d, *supra*, at 378, citing *Lawrence v Miller*, 86 NY 131.) In *Lawrence*, a vendee's assignee sought to recover his assignor's $2,000 deposit under a real estate contract after the vendee's breach of the contract. In holding for the vendor because of the breach, the Court stated, "[I]t is never permitted either at law or in equity, for one to recover back money paid on an executory contract that he had refused or neglected to perform. * * * To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract, which the law does not allow. When we once declare in this case that the vendor has done all that the law asked of him, we also declare that the vendee has not so done on his part. And then to maintain this action would be to declare that a party may violate his agreement, and made an infraction of it by himself a cause of action. That would be ill doctrine." (86 NY, *supra*, at 139-140.) The Court further rejected the "specious view * * * that the [vendor] is entitled to no more than he has actually been damaged." (*Supra*, at 140.)

The Court of Appeals revisited the *Lawrence* issue 100 years later in *Maxton Bldrs.* (68 NY2d 373, *supra*), where a contract vendor for the sale of realty sued to recover the proceeds of a check given as a down payment on the contract by the vendees, who cancelled the contract and stopped payment on the check, and rejected the vendees' argument that, assuming a breach on their part, the vendor's recovery is limited to actual damages. Noting that "a court should not depart from its prior holdings 'unless impelled by *"the most cogent reasons"*'" (68 NY2d, *supra*, at 381, quoting *Baker v Lorillard*, 4 NY 257, 261) and finding none, the Court held: "Except in cases where there is a real risk of overreaching, there should be no need for the courts to relieve the parties of the consequences of their contract. If the parties are dissatisfied with the rule of [*Lawrence*], the time to say so is at the bargaining table." (68 NY2d, *supra*, at 382.)

Nor does the City's acquiescence on the summary judgment motion in *Todt Hill's* conclusion that the partial liquidated

damages clause is unenforceable affect the applicability of the *Lawrence* rule to the facts of this case. No one would quarrel with *Todt Hill's* conclusion that a liquidated damages clause and a provision entitling a nondefaulting vendor to further damages are incompatible and cannot coexist. The function of a liquidated damages clause is to resolve the damage question without further dispute by setting an arbitrary approximation of damages (as to liquidated damages clauses generally, *see*, *LeRoy v Sayers*, 217 AD2d 63). It does not follow, though, that if the liquidated damages clause is unenforceable the down payment must be returned. The invalidity of the liquidated damages clause cannot create for the defaulting contract vendee a right—the return of its deposit—which the law does not recognize.

In that regard, *Palmiotto v Mark* (145 AD2d 549, *lv denied* 74 NY2d 608) is instructive. A liquidated damages clause had been eliminated from a contract for the sale of real property. The defaulting vendee argued that such action evinced the parties' clear intent that the down payment was not to be retained in the event of default. The Court rejected that argument, holding that, upon the vendee's default, the vendor was entitled to the down payment, "[n]otwithstanding the elimination of the liquidated damages clause in the contract". (*Supra,* at 550; *see*, *Fingerhut v Kralyn Enters.*, 71 Misc 2d 846, 857-858, *affd* 40 AD2d 595, *lv denied* 31 NY2d 644.) Here, the case for denying the defaulting vendee a recovery is even more compelling since the parties did not eliminate the liquidated damages clause from the contract.

Plaintiff argues that the City, which, as noted, conceded the binding effect of *Todt Hill (supra)* in response to plaintiff's summary judgment motion, should not be permitted to recast its litigation strategy and now urge that the *Lawrence* rule applies. The failure to raise the issue on the original motion does not bar this Court's review. "Where, as here, a party does not allege new facts but, rather, raises a legal argument ' "which appeared upon the face of the record and which could not have been avoided * * * if brought to [the opposing party's] attention at the proper juncture" ', the matter is reviewable." (*Gerdowsky v Crain's N. Y. Bus.*, 188 AD2d 93, 97.) In such circumstances, raising such an issue for the first time on appeal does not prejudice the opposing party's legal position in any respect. Since the record on appeal is sufficient for its resolution and the issue is determinative, it should be reviewed. (*Matter of Allstate Ins. Co. v Perez*, 157 AD2d 521, 523.) Moreover, "a mo-

tion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment where appropriate." (*Grimaldi v Pagan,* 135 AD2d 496; CPLR 3212 [b].) As plaintiff concedes, there are no factual issues in dispute. The City is entitled to summary judgment dismissing the complaint.

Summary judgment should also be granted dismissing the City's counterclaims. Review of the record reveals that the parties treated the motion addressed to the counterclaims as one for summary judgment. Upon a search of the record (*see,* CPLR 3212 [b]; *see also, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111), we conclude that these counterclaims seek speculative damages not specifically provided for under the terms of the agreement and not reasonably within the contemplation of the parties (*see, Goodstein Constr. Corp. v City of New York,* 80 NY2d 366, 374).

Accordingly, the judgment of the Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered January 12, 1995, which, pursuant to an order granting plaintiff summary judgment on the complaint, awarded plaintiff $1.3 million, with interest computed from March 31, 1989, should be reversed, on the law, without costs or disbursements, plaintiff's motion for summary judgment denied, and, upon a search of the record, summary judgment dismissing the complaint granted and the counterclaims dismissed.

ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Judgment, Supreme Court, New York County, entered January 12, 1995, reversed, on the law, without costs or disbursements, plaintiff's motion for summary judgment denied, and, upon a search of the record, summary judgment dismissing the complaint granted and the counterclaims dismissed.