■ FISCHBEIN BADILLO WAGNER HARDING, Plaintiff, v ROCKLAND WAREHOUSE CORPORATION, Respondent, and ELLIOTT KALMAN et al., Appellants, et al., Defendant. [690 NYS2d 567] —Order and judgment (one paper), Supreme Court, New York County (Barbara Kapnick, J.), entered December 16, 1998, after a nonjury trial, which, in this interpleader action brought to ascertain the party entitled to funds escrowed in connection with a real estate transaction, *inter alia*, directed plaintiff escrow agent to release the funds to defendant seller Rockland Warehouse Corporation, unanimously affirmed, with costs.

Inasmuch as defendant purchaser Kalman indicated at the closing that he was unwilling to close at the contract price of $600,000, and thereafter left the closing when his demand for a price reduction was refused; and inasmuch as there is no evidence that Kalman, subsequent to the scheduled closing, sought to tender the agreed upon purchase price, the contract was properly deemed terminated by reason of Kalman's default, and the escrowed down payment was properly directed to be turned over to the seller (*see, Lawrence v Miller,* 86 NY 131, 137). Although Kalman has contended that his refusal to close was justified by the seller's misrepresentation of the tenancies at the subject real property, no such misrepresentation is made in the contract of sale. While it is true that there was an error as to one tenancy in the rent roll furnished with the pre-contract bid packet, Kalman expressly acknowledged in the contract that he had been given sufficient opportunity to inspect the premises and that in entering the contract he was relying only upon information obtained from his own investigation of the property. Concur—Ellerin, P. J., Nardelli, Williams, Saxe and Friedman, JJ.