Levin v Salvini (2026 NY Slip Op 01918)

Levin v Salvini

2026 NY Slip Op 01918

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 650477/17|Appeal No. 6239|Case No. 2025-00782|

[*1]Norberto Jorge Levin, et al., Plaintiffs-Appellants,
vCarlos Luis Salvini, et al., Defendants-Respondents.

Schlam Stone & Dolan LLP, New York (Samuel L. Butt of counsel), for appellants.
Fox Horan & Camerini LLP, New York (Eric Lindquist of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 22, 2025, which, to the extent appealed from as limited by the briefs, awarded monetary judgments in favor of defendants and against plaintiffs, and bringing up for review an order (denominated a decision), same court and Justice, entered on or about August 28, 2024, to the extent that it determined that section 13.1 of the parties' Contributors Agreement constituted an unenforceable penalty, unanimously affirmed, without costs.
Plaintiff Norberto Jorge Levin was the majority partner of Fondo De Inversion Privado Levin Global (the Fund). During the relevant period, the Fund was owned by six equity partners, including defendants Carlos Luis Salvini and Mauricio Valentim Gugliano, known as "contributors." The partnership was governed by the Contributors Agreement, which contained a noncompete clause. The Contributors Agreement also provided that violation of the noncompete obligations would be "penalized" under section 13, the liquidated damages provision. Section 13.1, under the heading "Penalties and joint and several liability," provided that "breach of any obligation . . . that did not provide for a specific penalty shall require the party in breach or the violator to pay to the Remaining Contributors a fine equivalent to 1,000,000 US dollars, to be distributed among the Remaining Contributors prorated for their interests in the Fund."
Levin commenced this action against defendants, alleging that they breached the noncompete clause by creating a competing firm in Brazil while still employed by Levin entities, and deliberately caused a Levin Brazil project to fail in order to bolster their competing firm. After a trial, the jury unanimously found that both defendants had violated the noncompete clause. However, after the trial, Supreme Court found that section 13.1 constituted an unenforceable penalty, and the judgment made no monetary reward in plaintiffs' favor.
Although defendants conceded that plaintiffs' damages were not "readily ascertainable" (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 379 [2005]), Supreme Court properly concluded that section 13.1 of the contributors agreement was not enforceable because the amount of liquidated damages constituted a penalty rather than,as plaintiff claims, a reasonable "estimate of what was necessary to compensate the contributors for a breach of [the noncompete clause]" (see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 75 [2020]). As the court noted, all the credible evidence indicated that the amount of the liquidated damages was not calculated with any precision and was intended to sufficiently disincentivize disloyalty. Testimony from one of plaintiffs' directors indicated the $1 million liquidated damages amount was equivalent to the Fund's entire pre-tax revenue in 2014, making it disproportionate. Although it is immaterial whether the parties elected to call the amount liquidated damages or a fine (see Truck Rent-A-Ctr., Inc. v Puritan Farms 2nd, 41 NY2d 420, 425 [1977]), plaintiff's testimony demonstrated that the amount was chosen with "no mathematics" to discourage Contributors from violating the noncompete provisions of the Contributors Agreement. Further evidence that it was a penalty rather than fair compensation for damages is that section 13.2 of the Contributors Agreement provided for recovery of actual damages (see Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). The evidence indicates the goal was punishment, not fair compensation for damages.
Furthermore, Supreme Court providently exercised its discretion in finding that plaintiffs' exhibit P-47 was inadmissible at trial (see Matter of State of New York v John S., 23 NY3d 326, 344 [2014]). As Supreme Court previously found, and this Court affirmed, the calculation of damages in that exhibit, which consisted of an Excel spreadsheet, was based on losses that were sustained by various Levin business entities, not by plaintiffs (Levin v Salvini, 193 AD3d 426, 428-429 [1st Dept 2021]). Therefore, those losses could not be recovered either by Levin individually or by the Fund, and plaintiffs failed to establish a link between those losses and plaintiffs' damages.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026