Maddaloni Olive Oil Co., Inc., Respondent, *v.* Anielo Aquino and Others, as Executors, etc., of Giovanni Aquino, Deceased, Appellants.

First Department, March 5, 1920.

**Sales — action for failure to deliver goods — Statute of Frauds, Personal Property Law, section 85 — admissibility of parol evidence to establish modification, rescission or abandonment of written contract — measure of damages.**

Where a written contract between the plaintiff and the defendant's testator for the purchase of wine f. o. b. Naples, of the value of more than $50, provided for sixty days' credit, and when the wine reached New York the defendant refused to deliver without payment in cash, the court, in an action for a breach of the written contract, properly refused to permit the defendant, who had pleaded only a modification of the written contract, to prove a parol contract, subsequent to the written contract and before the wine arrived in New York, to the effect that the payment should be made in cash, and that the sixty days' credit should be waived.

*It seems*, that notwithstanding the provision of section 85 of the Personal Property Law, it would have been competent to show by parol evidence a rescission or abandonment of the written contract if the defendant had so pleaded, and that the question whether the alleged parol agreement constituted a rescission or abandonment would be one of fact.

Since the terms of the contract f. o. b. Naples were not controlling as to the place of delivery, but were simply regarded as fixing the price of the goods, and delivery was demanded in New York and there refused, the plaintiff was properly permitted to prove as a measure of damages the difference in the market value and the contract price in New York.

While under section 85 of the Personal Property Law " a contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action  *  *  *  unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf," still a contract not in writing is valid for at least some purposes, although it is not " enforceable by action."

Appeal by the defendants, Anielo Aquino and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of December, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of December, 1918, denying defendants' motion for a new trial made upon the minutes.

Since the entry of the judgment and order appealed from Giovanni Aquino, who was the defendant in the action, died and his executors were by order of the court substituted in his place as the defendants in this action.

*Jacob R. Schiff* of counsel [*Samuel W. Dorfman* with him on the brief; *Frank E. Silverman*, attorney], for the appellants.

*Guido J. Giudici*, for the respondent.

SMITH, J.:

This action grows out of a contract between the plaintiff and the defendants' testator for the purchase of 300 barrels of Italian wine. The written contract provided for sixty days' credit. When the wine reached New York the defendant refused to deliver it without payment in cash therefor, and offered to prove a verbal contract subsequent to the written contract and before the wine arrived in New York that the payment should be made in cash and that the sixty days' credit should be waived. Thereafter the plaintiff demanded the wine according to the terms of the original contract. The trial judge refused to allow the defendant to introduce evidence of this oral modification of the written contract upon the ground that the Statute of Frauds required the contract to be in writing and that it could not be altered by parol, and thereupon directed a verdict for the plaintiff for damages resulting from a breach of the original contract by the defendants' testator. From the judgment entered thereupon this appeal is taken.

Prior to the passage of the act known as the Sales of Goods Act (Laws of 1911, chap. 571), which added article 5 to the Personal Property Law, the Statute of Frauds made a contract for the sale of goods for the price of fifty dollars or more void unless in writing. (Pers. Prop. Law, § 31, subd. 6.) The statute further contained exceptions which are not material to this controversy. By section 85 of the Personal Property Law (as added by Laws of 1911, chap. 571) the Statute of Frauds was modified in respect of the sale of goods, and it was therein provided: " A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards *shall not be enforceable by action* * * * unless

some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." Furthermore, by section 156 of the Personal Property Law (as added by Laws of 1911, chap. 571) an action is defined to include counterclaim, set off and suit in equity.

The effect of this amendment would seem to be that the contract, although not in writing, was a valid contract for at least some purposes although it could not be " enforceable by action."

The English Statute of Frauds, by section 17, states similar contracts are not " allowed to be good," but by section 4 of the English Sale of Goods Act, 1893, referring specifically to the sale of goods, the language is the same as used in our Personal Property Law at the present time, to wit, that such a contract, unless in writing, shall " not be enforceable by action."   (29 Chas. II, chap. 3, § 17; 59 & 60 Vict. chap. 14; 56 & 57 Vict. chap. 71, § 4.)   There are but very few cases in the English courts which make note of this distinction.   The latest case in the House of Lords (*Morris* v. *Baron & Co.*, in 1918) is found in volume 87, New Series of the Law Journal (K. B. Div.), at page 145.   In that case it is held: " Under section 4 of the Sale of Goods Act, 1893, an agreement which the law requires to be in writing is merely not enforceable by law if not in writing, but it is not invalid for all purposes, and the law as laid down in section 17 of the Statute of Frauds is altered to that extent; and therefore, although a contract required to be in writing cannot be varied by parol, parol evidence is admissible to prove a total abandonment or rescission of a written contract." The court distinguished between a variation of a contract required to be in writing and a total abandonment or rescission of a written contract, and Viscount HALDANE says at page 152: " Accordingly, while a parol variation of a contract required to be in writing cannot be given in evidence, the very authorities which lay down this principle also lay down not less clearly that parol evidence is admissible to prove a total abandonment or rescission.   Now there is no reason why this should not be done through the instrumentality of a new agreement which does not comply with the statutory formalities, just as readily as by any other mode of mutual assent by parol.   What is, of course, essential is that there should have been made manifest

the intention in any event of a complete extinction of the first and formal contract, and not merely the desire of an alteration, however sweeping, in terms which still leave it subsisting.'' Upon the distinction made between a rescission of a contract and its variation, Lord PARMOOR, in the same case, says: '' It is not possible to lay down any general principle, but where the alteration is such that the conditions of the earlier contract cannot be restored without placing one of the parties under a permanent and substantial disability, there is a strong *prima facie* probability of an intention to rescind.''

In *Noble* v. *Ward* (35 L. J. Ex. 81) the change in the contract was as to the date of delivery. The court below held that that amounted to a rescission of the original contract and substituted a new one therefor. The House of Lords upon appeal held that it could not be held as matter of law that that amounted to a rescission of the original contract but that it was, at least, a question of fact for the jury as to whether the intention of the parties was to rescind the original contract. This case is distinguished in *Morris* v. *Baron & Co.*, wherein the distinction as above shown was made between a variation of the original contract which is held invalid by parol and a rescission thereof which might be valid.

In the case of *Morris* v. *Baron & Co.* (*supra*) the new contract in parol was made after the institution of the suit for the breach of the written contract, and it was there held, as matter of law, under the circumstances of that case, that the parol contract was in rescission of and in substitution for the written contract. From the foregoing cases it would appear that it would be competent to show by parol a rescission or abandonment of the written contract and that question under the case of *Noble* v. *Ward* (*supra*) would seem to be a question of fact, but the defendant is in no position to make that claim in this case, because he has not pleaded a rescission or abandonment of the written contract, but only a modification thereof which, under the authorities cited, would seem to be unauthorized as long as the claimed modification was not in writing.

There are many cases, both in this State and elsewhere, holding that where a contract is required to be in writing it cannot be modified by parol. The most prominent case in this State is the case of *Hill* v. *Blake* (97 N. Y. 216). (See,

also, *Wright* v. *Weeks*, 25 N. Y. 153; *Clark* v. *Fey*, 121 id. 470; *Stead* v. *Dawber*, 10 Ad. & El. 65; Williston Sales, § 120; *Swain* v. *Seamens*, 9 Wall. 271; *Walter* v. *Bloede Co.*, 94 Md. 80; 50 Atl. Rep. 433.) These are all cases, however, which were decided in actions wherein a party sought to enforce by action a parol modification of an agreement wherein a writing was required by the Statute of Frauds. Under the case of *Morris* v. *Baron & Co.* (*supra*), however, the statute seems to have received a broader interpretation and to have been held to apply where a defendant, sued upon a contract required by law to be in writing, sought to defend upon an oral modification of the contract.

It is further claimed that an improper measure of damages was allowed because the court allowed to be proven the difference in the market value and the contract price in New York, the defendant claiming that the rule of law required the damage to be computed at Naples, which it is claimed was the place of delivery. The contract has in it the terms f. o. b. Naples. This phrase refers to the price of the goods. The payment was to be made in sixty days' draft, in dollars, "Lires to be valued at the market rate of the day of arrival; draft due sixty days from such date." The goods were shipped from Naples, not to this plaintiff, but to the defendant Aquino, in New York. The delivery was demanded of Aquino in New York and there refused. From these facts it would appear that the parties interpreted the contract to provide for delivery in New York, and that the terms f. o. b. Naples were not controlling of the place of delivery, but were simply regarded as fixing the price of the goods. It was, therefore, proper to show the market value at New York and to base the measure of plaintiff's damage upon that market value.

The judgment and order should, therefore, be affirmed, with costs to respondent.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concur.

Judgment and order affirmed, with costs.