HARRY KARP, Respondent, *v.* R. RITTER & COMPANY, INC., Appellant.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Contracts — provisions of — for purchase and sale of a restaurant — when vendee not entitled to recover back a deposit.

> Where upon the making of a contract for the purchase and sale of a restaurant the vendee made a deposit of money under the terms of the contract, and thereafter refused to proceed with the purchase, he is not entitled to recover back the deposit.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, entered in favor of the plaintiff.

Harry L. Horwitz, for appellant.

Albert H. Vitale (A. Abel Enklewitz, of counsel), for respondent.

LEHMAN, J.    On or about the 29th day of August, 1919, the parties entered into a written agreement whereby the plaintiff agreed to purchase and the defendant agreed to sell a restaurant owned by the defendant. The contract provides that "the price is $20,000, payable as follows: $1,000 as deposit, the receipt whereof is hereby acknowledged." The remainder, under the terms of the contract, was payable at the time of the delivery of the bill of sale partly in cash and partly through the giving of a mortgage or mortgages. The plaintiff paid to the defendant $1,000 in accordance with the terms of the contract, and thereafter refused to proceed further with the

purchase, and demanded back the sum of $1,000 paid on the contract, and upon the refusal of the defendant to return this amount to him the plaintiff has brought this action and has now recovered judgment for the amount demanded.

The plaintiff does not claim that the defendant has breached its contract to sell the restaurant by any failure or refusal to transfer the property it agreed to sell, but the trial justice ruled that the plaintiff can recover the amount paid on the contract even though the failure to consummate the contract is due to the plaintiff's refusal to proceed, provided the moneys paid upon the contract were paid as a deposit and not as part of the purchase price, and he submitted to the jury the question whether in this case the moneys had in fact been paid by the plaintiff as a deposit or as part of the purchase price.

The plaintiff is clearly not entitled to recover in this action if the money was deposited as part payment under the contract of sale. "It is never permitted either at law or in equity, for one to recover back money paid on an executory contract that he had refused or neglected to perform. The plaintiff in the action before us sues for the whole amount of the money paid by the vendee. The defendant came by it rightfully; in pursuance of a contract lawfully made, between competent parties. He has made no breach of that contract. He has failed in no duty to the vendee. Wherefore, then, should he give up that which was rightfully his own? When and whereby did it cease to be his and be due to the vendee? If the contract had been kept by both parties, the money paid would still be his of right. The contract would have been kept but for the breach of it by the vendee. To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract,

which the law does not allow." *Lawrence* v. *Miller,* 86 N. Y. 131, 139. The rule laid down in that case is not subject to any exceptions. An examination of the cases where a recovery has been permitted of a deposit shows that the money was deposited either: 1, not under a contract, but merely as evidence that a party intended in good faith to enter into a contract upon terms to be agreed on thereafter; or, 2, only as security for the due performance of the covenants and obligations of a contract. In the present case, however, the so-called deposit is made by the plaintiff in accordance with the terms of the contract and as part of his obligation to pay the sum of $20,000 for the bakery. The construction of the written contract is entirely a question of law for the court. The trial justice, instead of submitting any question to the jury, should have granted the defendant's motion to dismiss the complaint.

Judgment reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs.

FINCH and MULLAN, JJ., concur.

Judgment reversed, with thirty dollars costs.