WILLIAM TELFORD DUNCAN and CHARLES F. FESSENDEN, Copartners, under the Firm Name of DUNCAN, FESSENDEN & COMPANY, Respondents, *v*. WOHL, SOUTH & Co., Appellant.

Second Department, June 29, 1922.

Sales — action to recover for breach of contract by purchaser — Statute of Frauds — action on oral contract of sale — memorandum does not constitute contract but is evidential — whether subsequent writing by seller constitutes acceptance or rejection immaterial — acceptance of part of goods immaterial — instructions — not error to charge that order, confirmation thereof, correspondence and delivery of samples constituted enforcible contract — damages — price on resale some evidence of market value — not error to refuse to charge that plaintiff was bound to dispose of goods in good faith, even to defendant — verdict not against evidence on question of guaranty of prices by plaintiffs.

A note or memorandum required by the Statute of Frauds in the case of a sale of personal property is evidential merely of the contract and not constitutive.

In an action to recover for the breach of an oral contract of sale by the purchaser where it appears that the Statute of Frauds is fully complied with by a written order given by the defendant on the consummation of the contract, it is immaterial whether an alleged confirmation thereof by the plaintiffs constituted either an acceptance or a rejection of the written order, since the contract on which the action is based was an oral one and the memorandum given was merely evidential and not intended to be the contract.

In such case it is likewise not material whether or not defendant's receipt and retention of certain sample cards amounted to an acceptance of a part of the goods within the meaning of the Statute of Frauds.

It was not error for the court to charge that the interchange of the written order and the so-called confirmation, subsequent correspondence and the delivery

47

to the defendant of samples of the goods purchased, constituted a valid and enforcible contract between the parties, for the effect of the charge was that the several things referred to satisfied the Statute of Frauds.

The price which the plaintiffs realized on a resale of the goods, though not necessarily the market price, was some evidence of the market value of the goods.

It was not error for the court to refuse to charge on behalf of the defendant that the plaintiffs were bound to dispose of the goods in good faith, even to the defendant, rather than to sell them for a price less than the defendant offered, for the plaintiffs were not bound to sell the goods to the defendant and were clearly entitled to rely upon the contract and defendant's refusal to accept delivery.

The verdict of the jury in favor of the plaintiffs on the question as to whether the plaintiffs agreed to guarantee the prices of the goods sold and to reduce the price in case there was a reduction by responsible competitors was not against the weight of the evidence.

APPEAL by the defendant, Wohl, South & Co., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Rockland on the 6th day of October, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of September, 1921, denying defendant's motion for a new trial made upon the minutes.

*Samuel Seabury* [*Myron Sulzberger* and *Isidor Enselman* with him on the brief], for the appellant.

*Herbert R. Limburg* [*Harry F. Mela* and *Lionel S. Popkin* with him on the brief], for the respondents.

RICH, J.:

This appeal is from a judgment in favor of plaintiffs in an action to recover damages for the defendant's alleged breach of a contract for the purchase of 900 pieces of fancy striped voile. Tender of performance is alleged on January 21, 1921, and a refusal by defendant to accept delivery. It is also alleged that since January 21, 1921, plaintiffs have been unable to find any market for the said merchandise within the city of New York, and in order to resell, traveling by plaintiffs' agents was necessitated. The answer is a general denial and four separate defenses: (1) The Statute of Frauds; (2) an alleged modification of the agreement and defendant's willingness to comply with it as modified; (3) that the alleged agreement was made subject to a custom or usage in the trade to the effect that all contracts were subject to responsible competition, that is, that if similar goods should be sold by responsible competitors for prices less than those stipulated, the purchaser should have the benefit of the reduced prices, which should be substituted in place of the prices stipulated in the contract; (4) that the defense or counterclaim of the aforementioned custom was omitted from the writings of the parties by mutual mistake, or by plaintiffs' fraud. The reply is a general denial.

The jury found a verdict in favor of plaintiffs in the sum of $15,340.03, and it is the appellant's contention upon this appeal: (1) That plaintiffs failed to prove a contractual relationship with the defendant and that the writing which is alleged to constitute an acceptance of the defendant's written offer must be regarded either as a rejection, or an entirely new offer because of material differences between the two writings; (2) that error was committed in holding as a matter of law that defendant's alleged acceptance and retention of plaintiffs' acceptance constituted an acquiescence by defendant in the modifications proposed by plaintiffs; (3) that error was committed in declining to submit to the jury the question of fact as to whether the plaintiffs exercised reasonable care in making the resale; (4) that defendant's receipt of the sample cards, which were not part of the bulk of the goods, did not amount to an acceptance of part of " the goods," within the meaning of the Statute of Frauds (Pers. Prop. Law, § 85, subd. 1, as added by Laws of 1911, chap. 571).

The appellant's first point is based upon the assumption that two exhibits introduced in evidence by plaintiffs (Plaintiffs' Exhibits 2 and 3) constitute the contract, but as the learned counsel for respondents has pointed out, the plaintiffs' cause of action is not that the contract in question was in writing, but that it was an oral contract, of which Exhibits 2 and 3 were merely a note or memorandum intended to satisfy the requirements of the Statute of Frauds, and we think this contention is sustained by the record. Where a statute requires the contract to be in writing, the writing is constitutive; where it requires but a note or memorandum, it is merely evidential. (*Turner Co.* v. *Robinson,* 55 Misc. Rep. 280, 286.)

Mr. Fessenden, one of the plaintiffs, testified to the terms of an oral contract, and the written order prepared later by Wohl corresponds to the terms of the contract. Speaking of the oral agreement, Mr. Wohl, who represented defendant, testified: " We closed the deal." He said the written order was prepared upon one of defendant's order blanks and contained the correct quantities of the goods, the style numbers and prices. The oral contract to which Fessenden testified was not disputed by defendant, except that it claimed that plaintiffs agreed to " guarantee the prices," which was denied. Plaintiffs' Exhibit 2 alone was a sufficient memorandum to satisfy the statute, and the question as to whether or not Exhibit 3 constituted either an acceptance or a rejection of defendant's offer was immaterial, because the evidence shows that the contract itself was oral, while the exhibits, as I have said, were merely intended as memoranda. The learned counsel for the

appellant cites *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y. 310) as authority for his contention that the memorandum, Exhibit 3, contains additional terms and that, therefore, there was no acceptance of defendant's offer, Exhibit 2, and consequently the contract was unenforcible. The trouble with this contention is that the case cited is distinguishable from the one at bar in that there was no oral contract there, while in the instant case it is the oral contract which is relied upon. Under the circumstances, it is unnecessary to pass upon the question as to whether or not defendant's receipt and retention of the sample cards amounted to an acceptance of a part of the goods within the meaning of the statute.

No error is presented by the charge of the learned trial court that " the interchange of the written order and the so-called paper of confirmation — that is, the order given by the defendants to the plaintiffs, and the paper partly written and partly printed that the plaintiffs sent in reply to that order to the defendants, and the subsequent correspondence between them and the delivery by the plaintiffs to the defendants of the samples of cloth that are referred to and included in the contract, constitute a valid and enforcible contract between these parties," because these exhibits, the subsequent correspondence and the delivery of the samples had satisfied the statute. The effect of this charge was that the exhibits referred to were a sufficient memorandum of the oral agreement to satisfy the Statute of Frauds. The court said: " Well, I charged there was a contract. I hold that as a matter of law, and you have your exception and that covers it."

In reference to the defendant's third point, the proper measure of damages was charged. The trial court expressly charged that the prices which plaintiffs realized on resale were not necessarily the *market* price but were some *evidence* of market value. The question as to whether or not plaintiffs had exercised reasonable care in making the resale (Pers. Prop. Law, § 141, subd. 5, as added by Laws of 1911, chap. 571) was properly presented to the jury. There was no error in refusing to charge that " the plaintiffs were bound to dispose of the goods in good faith, even to the defendant, rather than to sell them for a price less than the defendant offered." Plaintiffs were not bound to sell the goods to defendant and were clearly entitled to rely upon the contract and defendant's refusal to accept delivery.

In reference to the defense that plaintiffs had agreed to guarantee the prices, defendant's Mr. Wohl testified that the market price of the goods was thirty-seven and one-half per cent cheaper than at the time of the order and defendant was at all times willing to take the goods at the reduced price. He also testified that other

reputable concerns had allowed reductions of thirty-seven and one-half per cent and that it was his understanding of the alleged agreement that he was entitled to this allowance. As a matter of fact, it appears that plaintiffs manufactured original designs. Fessenden denied that any agreement guaranteeing prices had been made. This issue was submitted to the jury and I do not think their verdict should be disturbed.

It follows that the judgment and order should be affirmed, with costs.

Present — BLACKMAR, P. J., RICH, KELLY, JAYCOX and YOUNG, JJ.

Judgment and order unanimously affirmed, with costs.