## THE WESTERN ALFALFA MILLING CO. vs. DUNN

(No. 1097, February 18, 1924; 223 Pac. 221.)

SALES—DELIVERY OR TENDER—CONTRACTS—BUYER'S REFUSAL TO AC-
CEPT GOODS—MEASURE OF DAMAGES.

1.  Where a part only of hay sold by plaintiff to defendant was
    delivered, but defendant not only did not require a de-
    livery of the remainder of the hay but several times re-
    fused plaintiff's request that he be permitted to deliver
    more, actual delivery or tender of the hay at the buyer's
    mill, where delivery was to be made under the contract,
    was not necessary.

2.  Assuming that defendant buyer, who agreed, in writing, to
    buy plaintiff's alfalfa hay by February 1, 1921, had a
    right to require a delivery after that date, buyer's notice
    of February 24 to the seller reading, "We will receive
    hay the rest of this week or until we get enough hay to
    fill two cars and finish filling the warehouse again," *held*
    not a demand for delivery, and seller's failure to act on
    that notice did not affect his right under the contract or
    to sue for its breach.

3.  Whether or not, in a written contract in which defendant
    buyer agreed to buy plaintiff's alfalfa hay by February
    1, 1921, time for delivery and acceptance was of the es-
    sence, buyer's failure to request delivery before com-
    mencement of the action by seller on May 3 following
    *held* refusal to accept and pay for goods within Uniform
    Sales Act, § 64, justifying seller to sue for breach.

4.  Since, in an action for damages for nonacceptance of goods,
    measure of damages is fixed, by Uniform Sales Act, § 64,
    subd. 3, as the difference between the contract price and
    the market or current price at time when goods ought to
    have been accepted, the seller's refusal, after commenc-
    ing such action, to act upon buyer's conditional offer to
    accept did not affect seller's measure of damages; the
    buyer not being able in such case to take advantage of a
    resale of the goods for more than the market price at the
    time when the goods ought to have been accepted.

ERROR to District Court, Platte County; WILLIAM C.
MENTZER, Judge.

Action by F. E. Dunn against Western Alfalfa Milling Company, a corporation upon an alleged breach of a sale contract. There was a judgment for plaintiff and defendant brings error. See also 29 Wyoming 56, 210 Pac. 280.

*M. A. Kline, O. O. Natwick* and *Gillette & Clark* for plaintiff in error.

Plaintiff failed to deliver any of the hay when he had an opportunity to do so; this was shown by the evidence of plaintiff himself; he testified that at the time defendant offered to receive the hay deliveries he was busy at other work, he made no effort to minimize his damages; the contract excused defendant if unforseen and unpreventable causes prevented it from receiving the hay; the evidence clearly shows that causes far more serious in their nature and effect than the destruction of the mill, preventing defendant from receiving the hay. We refer to an analysis of the evidence and to the law as we have presented it in our printed brief in the Worthington case.

*J. E. Jacobson* and *Kinkead, Ellery & Henderson* for defendant in error.

The contract was for the sale of goods subject to trade fluctuations, and time was therefore of the essence; defendant's alleged offer to receive hay under the contract was conditional and limited; moreover, the offer was withdrawn before plaintiff had time to act upon it; the hay suffered deterioration from exposure to weather conditions, while plaintiff was waiting for defendant to receive it; the sufficiency of the amended petition is questioned for the first time on appeal; the petition alleges general damages, which is sufficient; the findings and judgment of the court below are sustained by competent evidence and should not be disturbed. We desire to submit the authorities cited in our brief in the Worthington case, wherein the facts are substantially the same as in the present case.

KIMBALL, Justice.

The facts and contentions in this case are in most respects similar to those in the case of the same plaintiff in error against R. S. Worthington, defendant in error, decided this day. What we said in our opinion in the Worthington case expresses our views on several similar contentions in this case, and need not be repeated. Only the differences between that case and this in so far as they seem material and to require further discussion will be noticed. The parties will be called plaintiff and defendant as in the court below where, as in the Worthington case, the plaintiff obtained a judgment for damages for breach of a contract to sell alfalfa-hay.

The contract in this case provided that plaintiff's hay should be delivered at defendant's mill "when required by the first party (defendant) at any time or times between August 13, 1920, and February 1, 1921." A part only of the hay was delivered and the suit was to recover damages for defendant's refusal to accept and pay for the remainder. There was ample evidence that the defendant not only did not require the delivery of the remainder of the hay, but that it several times refused plaintiff's requests that he be permitted to deliver more. In these circumstances an actual delivery or tender of the hay at the mill was not necessary. 35 Cyc. 250, 251; Denio Milling Co. v. Malin, 25 Wyo. 143; 165 Pac. 1113.

Whether or not the time for delivery and acceptance of the hay was of the essence of the contract, we think there can be no doubt that there was a breach of the contract by May 3, 1921, when the plaintiff commenced this action. As in the Worthington case, there was not only a refusal of the buyer to accept delivery during the time mentioned in the contract, but also, later, at the meeting in February, 1921, when the plaintiff was present. Following that meeting the plaintiff received a notice signed by defendant, dated February 24, 1921, as follows:

''We will receive hay the rest of this week or until we get enough hay to fill two cars and finish filling the warehouse again.''

Assuming that defendant had a right to require a delivery of hay after February 1, we do not think it did so by this notice, which did not request plaintiff to bring his hay to the mill, or give any assurance that his hay, if brought there, would be accepted. The plaintiff no doubt assumed, as we think he had a right to do, that similar notices had been sent to all or many of the persons with whom the defendant had contracts to buy hay, and that if he acted on the notice, the unnamed quantity of hay that defendant was willing to receive would probably be received from others before plaintiff could make a delivery. We think his failure to act on the notice did not affect his rights under the contract or to sue for its breach.

There was no other request for delivery before the commencement of this action. At that time, if not before, we think the defendant had ''wrongfully neglected or refused to accept and pay for the goods,'' within the meaning of section 64 of the Uniform Sales Act (C. S. Sec. 4786), and the plaintiff had a right to sue for the breach of the contract.

About one month after the commencement of this action the defendant wrote plaintiff that it (defendant) was then ready to receive any hay plaintiff had for delivery under the ''former agreement'' at the prices and upon the grades stipulated therein, and stating further:

''In view of the fact that you have brought a suit against us, you are further notified that this offer to receive your hay is in no sense an admission of liability under said former agreement or of its present validity. If, however, you want to deliver your hay, we will receive the same as above stated, provided you dismiss said suit.''

We do not understand that it is contended that this was an offer of defendant to perform the contract, or that defendant had any right to insist on plaintiff's performance at that time. But it is argued that the plaintiff's refusal then to deliver his hay to defendant was a failure of plaintiff to minimize his damages. In actions of this kind the measure of damages is fixed by paragraph 3 of Sec. 64 of the Uniform Sales Act as the difference between the contract price and the market or current price at the time when the goods ought to have been accepted. On bringing the action for damages, the plaintiff elects to keep the goods as his own, and it is immaterial whether he resells or continues to hold them. The defendant's letter was no more than a conditional offer to take plaintiff's hay. The plaintiff did not accept it for reasons which he stated in his testimony, but which we deem it unnecessary to recite here. He could keep or resell the goods as he chose, and his refusal to act upon defendant's offer did not affect the measure of damages. This follows from the principle that the buyer in such cases cannot take advantage of a resale of the goods for more than the market price at the time when the goods ought to have been accepted. 35 Cyc. 598; Benjamin on Sales (6th Ed. by Ker) p. 931; Bridgford vs. Crocker, 60 N. Y. 627; Duncan v. Wohl, South & Co., 201 App. Div. 737, 195 N. Y. Supp. 381; Dill v. Mumford, 19 Ind. App. 609; 49 N. E. 861; Taylor v. Capp, 68 Ind. App. 593; 121 N. E. 37.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 35 Cyc. pp. 250, 251, 592, 598.