GEORGE MURMAN, Appellant, *v.* THOMAS R. MANNING, Respondent.

Supreme Court, Appellate Term, Second Department, June 6, 1925.

Sales — action on check given as part payment for purchase of garage business — check not deposit though receipt, reciting terms for payment of balance, referred to it as deposit — direction of verdict for defendant error — Statute of Frauds not applicable where action is on check — plaintiff showed good consideration for check by indicating ability to perform agreement.

A judgment, directing a verdict for the defendant, in an action for the amount of a check given in part payment for the purchase of a garage business, on the theory that there was no contract made for the sale of said garage business and that the check was given as a deposit, should be reversed and a judgment directed for the plaintiff for the amount of said check, where the defendant admitted having made an agreement for the purchase of the garage business for which the check was given in part payment. The fact that the receipt, reciting terms for the payment of the balance, referred to the check as being a deposit, does not alter the fact that said check was a payment on account.

The Statute of Frauds, if pleaded, would not have been a defense, since the action is brought upon a check. Moreover, there was good consideration for the check, since the plaintiff still owns the garage business, is not in default, and is in a position and wishes to carry out the agreement.

APPEAL from a judgment and order of the Municipal Court, Borough of Brooklyn, Seventh District.

*Jacob J. Fischer*, for the appellant.

*Nicholas Dietz*, for the respondent.

PER CURIAM:

Judgment and order denying motion for a new trial unanimously reversed upon the law, with thirty dollars costs to appellant, and judgment directed for the plaintiff for the amount of the check, with interest and appropriate costs in the court below.

The record shows that the verdict was directed for the defendant

upon the theory that there was no contract made for the sale of the garage business and that the check was given merely as a deposit to show the good faith of the defendant; and that as no damage was proven, no recovery therefor could be had upon the check. The record, however, gives no basis for the operation of that rule. The defendant admitted having made an agreement for the purchase of the garage upon terms that were mutually satisfactory. The check was given in part payment. This is also shown by the receipt, which states that the balance was to be paid the following Wednesday. The fact that the receipt, as well as the testimony of both the plaintiff and defendant, referred to the check as being a deposit, did not change the fact. It was nevertheless a payment on account. And the trial court erred in holding otherwise and in directing a verdict for the defendant. (*Karp* v. *Ritter & Co., Inc.*, 110 Misc. 668; *Gitzelter* v. *Grossman*, 114 id. 557; *Nelson* v. *Landesman*, 118 id. 832.)

The defense of fraud was not established. The Statute of Frauds, even if pleaded, would not have been a defense. The receipt was not sufficient to satisfy the Statute of Frauds. (Pers. Prop. Law, § 85.) But this action was not brought upon the parol contract of sale. It was merely brought upon the check. This was an agreement made by the defendant and signed by him, and hence the statute would not be a defense. Moreover, the statute did not make the contract void but merely rendered it unenforcible by action. (*Maddaloni Olive Oil Co., Inc.*, v. *Aquino*, 191 App. Div. 51; *Mahar* v. *Harrington Park Villa Sites*, 204 N. Y. 231, 235, 236.)

While the decisions are not unanimous on the point, we think the better considered cases hold that there is a good consideration for the check, as the plaintiff, the seller, has not refused to carry out the agreement, although it could not be enforced against him as there was no sufficient writing to satisfy the statute. (*Abbott* v. *Draper*, 4 Den. 51; *Graham* v. *Healy*, 154 App. Div. 76, 82; *Fleischman* v. *Plock*, 19 Misc. 649; *Jones* v. *Jones*, 6 M. & W. 84; cases in note L. R. A., 1916-D, pp. 472–482. See, also, other cases referred to and discussed in the report filed in the case now under decision.) The plaintiff still owns the garage and wishes to sell it. He is not in default and is in a position to carry out the agreement.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.