PHILIP ADLER, Plaintiff, *v.* HENRY L. DOHERTY, Doing Business as HENRY L. DOHERTY & COMPANY, Defendant.

City Court of New York, New York County, February 27, 1930.

*Philip Adler*, for the plaintiff.

*Frueauff, Robinson & Sloan*, for the defendant.

WENDEL, J. This is a motion for summary judgment. Plaintiff and defendant entered into certain contracts whereby plaintiff agreed to purchase from defendant an aggregate of 300 shares of

Cities Service Company common stock at the prices specified in such contracts. Each of the contracts was in the following form:

"Name_____ Date_____
        (Print full name, not initials)

" To HENRY L. DOHERTY & Co., 60 Wall Street, New York, N. Y.

" The undersigned agrees to purchase, subject to conditions as set forth below, _____shares of CITIES SERVICE COMPANY COMMON STOCK at_____per share, $_____paid herewith being initial payment on this order, and agrees to pay $ _____ on the first day of each month hereafter, beginning_____, 19_____ until fully paid for.

" This contract becomes automatically cancelled if the purchaser's payments due on the first of each month are not made on or before the first of the following month; and, in such event, the company will refund the amount theretofore paid, less or plus, as the case may be, the difference between the contract price and the market bid price of the fifteenth of the month preceding; and less also an amount, as liquidated damages, equal to ten per cent. of such market bid price. Interest at the rate of six % per annum will be paid on partial payments upon final settlement. Partial payments may be anticipated. In no event will the shares be deliverable until_____months after the date hereof, even though payment in full be theretofore made.

(Duplicate)

" Subscriber's<br>
Signature _____ _____

" Salesman's Name_____Address:_____

"_____ Office     _____

" No provision of this contract may be waived by any agent or representative of Henry L. Doherty & Company."

Under these contracts monthly payments were due to defendant on October 1, 1929. Plaintiff failed to make such payments and accordingly the contracts were automatically canceled as of November 1, 1929, and defendant, pursuant to the contract provisions, refunded to plaintiff the sums theretofore paid by him plus the difference between the contract price and the market bid price on October 15, 1929, the month preceding, less a sum equal to ten per cent of the market price, such latter sum being designated in the contract as liquidated damages.

Plaintiff disputes the right of defendant to retain this ten per cent, claiming that the same is a penalty and brings this action for its recovery.

It has long been the rule in this State that in executory contracts for the sale of either real or personal property, upon which partial payments are made by the buyer, he is not entitled, on his failure to perform, if the seller is not in default, to recover back such partial payments. Nor is the rule affected by the fact that the parties have incorporated in their contract an express provision that said payments shall be retained as liquidated damages. (*Lawrence*

v. *Miller*, 86 N. Y. 131; *Beveridge* v. *West Side Construction Co.*, 130 App. Div. 139; *Karp* v. *Ritter & Co., Inc.*, 110 Misc. 668.)

Here the parties have expressly agreed as to the manner in which their rights, in the event of plaintiff's breach, should be ascertained. The effect of such agreement is to enlarge the rights of plaintiff by permitting him to secure the refund of the payments made by him, less certain deductions, whereas the law itself gave him no such right. Defendant, therefore, is not exacting a forfeiture or exacting a penalty. The characterization of the ten per cent deduction permitted to be made by defendant as " liquidated damages " is of no importance in determining the rights of the parties, even though such characterization is erroneous and the amount of such deduction is not in fact " liquidated damages." Mere characterization means nothing. Had the contract provided that upon plaintiff's default defendant would be entitled to retain all the payments made by plaintiff as " liquidated damages," such deduction would not deprive defendant of its right to retain such payments. (*Beveridge* v. *West Side Construction Co., supra.*) By analogy, it seems clear that the provision for the retention of a lesser sum than that which the law permitted defendant to retain in the event of plaintiff's default, even though part of such lesser sum be characterized as " liquidated damages," is not the imposition of a penalty.

Motion denied.