FRANK A. WILLARD, Plaintiff, *v.* PHILIP S. LEWIS, Defendant.*

City Court of New York, New York County, January 16, 1931.

---

* Revd., 140 Misc. 39.

*White & Case,* for the plaintiff.

*Wollman & Wollman,* for the defendant.

RYAN, J. Motion by defendant for judgment on the pleadings under rule 112 of the Rules of Civil Practice. The action was brought by the plaintiff, who in his first cause of action sues to recover damages alleged to have been sustained in the purchase and sale of certain securities. In the second cause of action plaintiff sues on an account stated. Defendant enters a general denial and for a separate defense sets up the Statute of Frauds. As to the first cause of action the defense must be sustained. The agreement between the parties was an oral one and no act was performed to take the situation out of the provision of section 85 of the Personal Property Law.* The motion, however, is sharply contested with respect to the second cause of action. That statute provides: "A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be *enforceable by action* unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." (Italics mine.) A similar provision enforcible by action has been construed in the case of *Morris* v. *Baron & Co.* (87 L. J. [N. S.] [K. B. Div.] 145), wherein it was held: " Under section 4 of the Sale of Goods Act, 1893, an agreement which the law requires to be in writing is merely not enforcible by law if not in writing, but it is not invalid for all purposes * * *." (Cited in *Maddaloni Olive Oil Co.* v. *Aquino,* 191 App. Div. 51, 53.) (See, also, *Spiegel* v. *Lowenstein,* 162 id. 443.) The Court of Appeals in considering the essential characteristics of liability upon an account stated has said, by ANDREWS, Ch. J.: " The cause of action in such case [account stated] is not the obligation originally created when the items of indebtedness arose. It is the agreement of the parties

---

* As added by Laws of 1911, chap. 571.

made after the transactions constituting the account that a certain balance remains due from the one to the other, and a promise of the party found to be indebted to pay to the other the sum so ascertained, and in suing in this form of action it is unnecessary for the plaintiff to set forth the subject-matter of the original debt [citing 1 Chit. Pld. 358]. * * * The stating of an account is in the nature of a new promise." (*Schutz* v. *Morette,* 146 N. Y. 137, 141.)

The complaint in the instant action alleges that an account was made between the parties showing that a balance of $1,290.33 was due to plaintiff; that said account was delivered to defendant and accepted and retained by him without any objection. The essential facts necessary to set forth an account stated seem to be contained in the second cause of action. This brings us to a consideration of the contention of the defendant that there can be no cause of action on an account stated where there is no existing obligation on which the account can be predicated. In other words, the failure of the first cause of action by reason of section 85 of the Personal Property Law is a bar to the second. With that proposition I cannot agree. It does not necessarily follow that merely because there is no contract *enforcible* by action that there is no valid obligation sufficient to support a promise. It is well settled that an action upon an account stated is a new and distinct cause of action from the original liability, based upon a promise, express or implied, to pay a specific amount, and the consideration thereof is the original transaction between the parties. (*Delabarre* v. *McAlpin,* 101 App. Div. 468, 470.) The settling of an account is regarded as a consideration for the promise; and it is in the nature of a new promise. (*Holmes* v. *De Camp,* 1 Johns. 34, 36, SPENCER, J.) While the contract referred to in the first cause of action is unenforcible by action (Pers. Prop. Law, § 85), still it was a valid contract for some purpose. That being so it seems to me to be a sufficient basis for the new promise. Williston in his work on Contracts says: " If there is sufficient consideration for the promise it will be binding, though, * * * subject, like other contracts, to possible defenses. A debt unenforcible because of the Statute of Frauds affords sufficient basis for the promise." (Vol. 3, § 1863.) Similarly, in Page on Contracts (§ 2524), citing *Knowles* v. *Michel* (13 East, 249), the author says: " If a contract which is unenforcible by reason of the Statute of Frauds, has been performed by one party, and the amount due thereunder has been included in an account stated, the debtor cannot thereafter attack such account stated on the ground that such account stated was unenforcible because of the Statute of Frauds." Does not the statute in question

relate more to the remedy than the substance, and that a certain kind of evidence is required to support the contract, *e. g.*, a writing, to make it enforcible in law? As is said by Tiernan in his Conflict of Laws, the statute is procedural, going, as it does, not to the existence of the contract, but to the proof of its existence on the trial.

The motion to dismiss the complaint as to the first cause of action therein alleged is granted, and as to the second cause of action the motion must be denied. Order signed.