LEWIS H. PARSONS and Others, Doing Business under the Firm Name and Style of GRAHAM, PARSONS & Co., Plaintiffs, *v.* BRONSON BACHELOR, Defendant.

Supreme Court, New York County, June 10, 1931.

*Cravath, de Gersdorff, Swaine & Wood* [*Bruce Bromley* of counsel], for the plaintiffs.

*Sidney C. Crane,* for the defendant.

COLLINS, J. This motion of the plaintiffs to strike out as legally insufficient the second separate defense asserted in the answer presents the interesting question of whether the Statute of Frauds is a defense to an action on an account stated.

The complaint seeks to recover the sum of $13,603.05, with interest, alleged to be due upon an account rendered in August, 1930, culminating a series of transactions commencing in 1929, and which account, it is alleged, "was delivered to and received and accepted by" the defendant "without objection being made thereto or to any item thereof. * * *"

The complaint presents a cause of action for an account stated. (*Lockwood* v. *Thorne,* 11 N. Y. 170; *Rodkinson* v. *Haecker,* 248 id. 480.) The defendant, after denying some of the material allegations of the complaint, advances two separate defenses; the *first,* that the account relied upon "is inaccurate, false and untrue, and does not contain a true statement of the transactions actually had between the plaintiffs and defendant," and, *second,* that the account embraces the sale of goods or choses in action of more than fifty dollars in value, and that, no memorandum of the agreements concerning the same being in writing, such agreements are unenforcible.

Section 85 of the Personal Property Law (added by Laws of 1911, chap. 571) does not *invalidate* an oral contract for the sale of goods or choses in action of the value of fifty dollars or upwards. It merely makes such contract *unenforcible* by action. The memorandum is evidential, not constitutive. (*Duncan* v. *Wohl, South & Co.,* 201 App. Div. 737.) The *enforcibility* of the original agreement is not in issue here. This suit is not founded upon the original agreement involving the purchase of the choses in action, but upon an entirely new promise and obligation arising out of the retention by the defendant of the statements rendered to him by the plaintiffs. The plaintiffs must stand or fall upon the theory of an account stated. An action on an account stated is a distinct cause separate and apart from any other action. "The cause of action in such case is not the obligation originally created when the items of indebtedness arose. * * * The stating of an

account is in the nature of a new promise." (*Schutz* v. *Morette*, 146 N. Y. 137, 141.)

A sues B on a promissory note arising out of an agreement not enforcible under the Statute of Frauds. Could it be said that, since the note did not recite the terms of the original transaction sufficient to satisfy the Statute of Frauds, the statute would bar recovery on the note? The action would be *on the note* and not on the original transaction.

The Statute of Frauds seeks to avoid the consequences of uncertainty and indefiniteness by requiring the salient terms of certain agreements to be reduced to writing and to be signed or subscribed by the party to be charged, or his lawful agent. The design is satisfied by an account stated, since such an account presupposes the rendition of written statements and an express or implied acquiescence in the correctness thereof. Thus, the certainty and definiteness contemplated by the statute are present. The statute seeks to prevent wrongs, not to defeat rights. It should not be allowed to prevail where its application would operate as a fraud.

Much of the confusion on this subject ensues from a failure to distinguish between *unenforcibility* and *invalidity*. A valid agreement may become *unenforcible* when the Statute of Frauds is asserted and established as a defense. (*Maddaloni Olive Oil Co., Inc.,* v. *Aquino,* 191 App. Div. 51.)

The defendant's memorandum recites that the only American authority on the subject is *Murphy* v. *Smith* (26 Ariz. 394; 226 Pac. 206), wherein the Arizona court sustains the defendant's contention. Apparently, however, both sides are unaware of the currently reported decision of the Appellate Term of this department in *Willard* v. *Lewis* (140 Misc. 39), wherein that court reverses the decision of Mr. Justice RYAN of the City Court (*Willard* v. *Lewis,* 139 Misc. 535). Mr. Justice RYAN held a similar defense insufficient, but the Appellate Term, citing *Brauer* v. *Lawrence* (165 App. Div. 8) and *Bauer* v. *Ambs* (144 id. 274), as well as English cases, held to the contrary. Notwithstanding my respect for the Appellate Term's opinion I am unable to adopt either its conclusion or its reasoning. Since the action of an account stated is predicated upon a new promise, I cannot perceive how the unenforcibility of the original agreement can preclude recovery. To say that by suing on the theory of an account stated the plaintiff is seeking to create a debt when none existed, seems to me to be untenable. Indisputably a debt did exist. Its existence is not negatived by its unenforcibility, any more than a debt is negatived by the tolling of the Statute of Limitations, and which may be

revived by a new promise. The Statute of Frauds ought not to be given an inflated meaning so as to operate to defeat a meritorious claim.

The rule as stated in 3 Williston on Contracts, section 1863, and 4 Page on Contracts, section 2524, impresses me as being more in consonance with fundamental principles of right and justice than that announced by the Appellate Term. I conclude, therefore, that the second separate defense is insufficient in law, and, accordingly, grant the motion to strike it out.