HARRY WALDMAN, Respondent, v. HARRY GREENBERG, Appellant.— Implicit in the jury's verdict was a finding that the plaintiff had breached the contract as a matter of fact. He was therefore, under settled authority, not entitled to recover any of the money paid. The court properly ruled that plaintiff was not entitled to an inspection of the merchandise prior to the payment of the balance

due under the contract and in any event that ruling became the law of the case. On plaintiff's case, as well as on the whole case, there was no proof of any tender of the balance due under the contract. Plaintiff therefore had breached the contract as a matter of law and the complaint should have been dismissed. (*Ziehen* v. *Smith,* 148 N. Y. 558; *Alberts* v. *Vahjen,* 200 N. Y. Supp. 115 [not officially reported].) The court was in error in ruling during the course of the proof and in the submission to the jury that the plaintiff might recover, even though he had breached the contract, the difference between the amount paid to the defendant and the amount of the actual damages of the defendant. The moneys characterized as a "deposit" were, as the terms of the contract show, a payment on account of the purchase price. Such moneys cannot be recovered where the purchaser has breached the contract. A deposit may be recovered only where it is paid over as security for the due performance of the covenants or obligations of a contract; but that is not the situation here. (*Lawrence* v. *Miller,* 86 N. Y. 131, 139; *Karp* v. *Ritter & Co., Inc.,* 110 Misc. Rep. 668; *Beveridge* v. *West Side Construction Co.,* 130 App. Div. 139; *Muskegon Steamship Corporation* v. *Fisk,* 200 App. Div. 621; *Murman* v. *Manning,* 125 Misc. Rep. 830; *Alberts* v. *Vahjen, supra.*) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.