ROBERT BISNER, Appellant, v. HENRY S. MANTELL, Respondent.

County Court, Rensselaer County, March 22, 1950.

*John E. S. Burke* for appellant.

*Wilford A. Le Forestier* for respondent.

HAMM, J.   The defendant operates a furniture store. In April, 1948, the plaintiff and his wife visited the defendant's store and selected from the merchandise on display a living room suite,

a bedroom suite and a breakfast set. The price agreed on was $747.95.

The clerk prepared a memorandum of the transaction and gave a carbon copy to the plaintiff's wife in the plaintiff's presence. The memorandum describing the furniture, recited "Hold. Will pay 15.00 weekly" and acknowledged receipt of twenty dollars. The furniture selected by the plaintiff was identified by the attachment of a sales ticket bearing the plaintiff's name and address and was placed in the defendant's warehouse. It remained in the warehouse thereafter and throughout the trial.

From April, 1948, to November 11, 1948, the plaintiff made payments to the defendant aggregating $370.

On November 17, 1948, an employee of the defendant sent the following letter to the plaintiff's wife:

"Mrs. Robert Bisner

14–113 Street

Troy

New York

Dear Mrs. Bisner:

Reviewing your account, we find that since August you have paid approximately $5.00 each week instead of the agreed amount of $15.00.

We must have your remittance of $95.00 to place your account on a current basis and the agreed installment per week in order to continue your account.

Thanking you for your attention, I remain,

Yours truly,

(signed)   MRS. DELORES FINN

/DMF "

The plaintiff made no further payments. It is undisputed that he has never offered to pay the balance of $377.95 nor demanded the furniture; there was neither tender nor demand for performance. On the contrary, the plaintiff demanded the return of $370, the total amount paid.

The defendant testified that the plaintiff might have had the furniture delivered to him prior to payment in full by signing a conditional sales contract as security. This did not involve an instance of a preliminary contract to be followed by the execution of a more formal instrument with an essential element open to negotiation. The plaintiff was not required to remove the furniture prior to completion of payment, he merely had the privilege subject to giving security on the same terms. If he

made payment in full pursuant to the contract, he was entitled to immediate possession simply by giving direction for delivery and then occasion for giving security ceased to exist.

The case was tried before the court without a jury. The Trial Judge, as appears in his opinion (*Bisner* v. *Mantell,* 92 N. Y. S. 2d 825, 829), found that the money paid was not " in the nature of a deposit ", stating " There can be no question but what the money paid in by the plaintiff was part payment for the merchandise." There was ample evidence to sustain this finding. It is also stated in the opinion: " There was at least an executory contract which was breached by the plaintiff * * * ." (*supra,* p. 827.) Here also the evidence fully justifies the Judge's conclusion.

Although there was a contract and a breach of the contract by the plaintiff, the plaintiff notwithstanding seeks to recover his payments minus any actual damages the defendant sustained. It has long been settled that a party may not recover under an executory contract of this character which he has broken. It is never permitted, either at law or in equity, for one to recover back money paid under an executory agreement that he has refused or neglected to perform.

In reversing a judgment in favor of the plaintiff in *Waldman* v. *Greenberg* (265 App. Div. 827, 828) the court unanimously said: " Action to recover a payment made by plaintiff under a contract for the purchase from and sale by defendant of certain crockery and chinaware. Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. Implicit in the jury's verdict was a finding that the plaintiff had breached the contract as a matter of fact. He was therefore, under settled authority, not entitled to recover any of the money paid. * * * On plaintiff's case, as well as on the whole case, there was no proof of any tender of the balance due under the contract. Plaintiff therefore had breached the contract as a matter of law and the complaint should have been dismissed. (*Ziehen* v. *Smith,* 148 N. Y. 558; *Alberts* v. *Vahjen,* 200 N. Y. Supp. 115 [not officially reported].) The court was in error in ruling during the course of the proof and in the submission to the jury that the plaintiff might recover, even though he had breached the contract, the difference between the amount paid to the defendant and the amount of the actual damages of the defendant. The moneys characterized as a ' deposit ' were, as the terms of the contract show, a payment on account of the purchase price. Such moneys cannot be recovered where the purchaser has breached

the contract. A deposit may be recovered only where it is paid over as security for the due 'performance of the covenants or obligations of a contract; but that is not the situation here.''

The judgment of the Appellate Division was unanimously affirmed by the Court of Appeals on the ground that the plaintiff had failed to establish a cause of action (289 N. Y. 769).

The judgment herein must be affirmed on the law and the facts.