08-3960-cv (L); 09-1407-cv (con.); 09-2806-cv (con.); 09-3535-cv (con.)
Chien v. Skystar Bio Pharmaceutical Co.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> J. GARVAN MURTHA,
> > *District Judge.*[*]

-------------------------------------------------x

ANDREW CHIEN,

> *Plaintiff-Appellant*,

> -v.-

Nos. 08-3960-cv (L); 09-1407-cv (con.); 09-2806-cv (con.); 09-3535-cv (con.)

SKYSTAR BIO PHARMACEUTICAL CO., SCOTT CRAMER, STEVE LOWE, DAVID WASSUNG,

> *Defendants-Appellees*.

-------------------------------------------------x

**FOR PLAINTIFF-APPELLANT:**     Andrew Chien, New Haven, CT, *pro se*.

---

[*] The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**     Timothy Herring, Cummings & Lockwood LLC, Stamford, CT.

Appeal from judgments of dismissal and orders of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of the District Court be **AFFIRMED.**

Plaintiff-appellant Andrew Chien ("plaintiff" or "Chien"), *pro se*, commenced two separate proceedings against defendants-appellants Skystar Bio Pharmaceutical Co., Scott Cramer, Steve Lowe, and David Wassung (jointly, "defendants") alleging claims of securities fraud. The District Court dismissed both of plaintiff's complaints and issued sanctions against plaintiff, as well as his attorney from the first proceeding. Chien proceeded *pro se* in his second proceeding in the District Court and does so here as well. Plaintiff now appeals from (1) the District Court's judgments dismissing his complaints in both securities fraud proceedings; (2) the District Court's order denying plaintiff's motion to amend in the first proceeding and granting partially defendants' motion for sanctions against Chien; and (3) the District Court's order denying Chien's motion for sanctions and granting, in part, defendants' motion for sanctions in the second proceeding. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* the District Court's decision dismissing a complaint pursuant to Rule 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive dismissal, [a] plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When a plaintiff proceeds *pro se*, as here, we are "obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

We review the imposition of Rule 11 sanctions for "abuse of discretion." *See, e.g., Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

After conducting an independent review of the record and case law, we conclude, substantially for the reasons stated in the well-reasoned orders and judgments of the District Court, that the dismissal of plaintiff's complaint was free of error and that the District Court did not "abuse its discretion" in issuing moderate sanctions against plaintiff in light of the circumstances and facts on the record. *See Chien v. Skystar Bio Pharm. Co.*, No. 3:09-cv-149, 2009 WL 2487983 (D. Conn. Aug. 12, 2009); *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255 (D. Conn. 2009); *Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67 (D. Conn. 2009); *Chien v. Skystar Bio Pharm. Co.*, No. 3:07-cv-781, 2008 WL 4198511 (D. Conn. Sept. 11, 2008); *Chien v. Skystar Bio Pharm. Co.*, 566 F. Supp. 2d 108 (D. Conn. 2008).

## **CONCLUSION**

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court