Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 27, 2012, which, insofar as appealed from as limited by the briefs, granted defendants’ motions to dismiss plaintiff’s claims for breach of contract, fraud, conspiracy to defraud, and aiding and abetting fraud as time-barred, unanimously modified, on the law, the breach of contract claim reinstated, and otherwise affirmed, without costs.
In December 2009, plaintiff, Gordon Group Investments, LLC (GGI), commenced this action for, inter alia, breach of contract *434 and fraud (solely against defendant Michael Kugler), conspiracy to defraud (against all defendants), and aiding and abetting fraud (against all defendants except Kugler) alleging that it entered into an agreement with Kugler, who promised to invest its money in highly rated, highly liquid, and highly secure bonds, such as government-issued or government-backed securities. However, Kugler and the other defendants allegedly engaged in a concerted effort to swindle GGI out of a substantial amount of money through a “pump and dump” scheme involving the stock of a thinly-traded (and now bankrupt) German public company known as BKN International A.G. (BKN). Defendants allegedly artificially inflated BKN’s stock price by causing GGI to purchase significant numbers of shares of the stock without GGI’s knowledge or consent, and then selling off their own shares at the artificially inflated price, earning a substantial profit and .leaving GGI with shares of worthless BKN stock.
Contrary to the motion court’s determination, the breach of contract claim is not time-barred. Connecticut’s six-year statute of limitations (see CPLR 202; Conn Gen Stat § 52-576 [a]), as opposed to the three-year statute (see Conn Gen Stat § 52-581 [a]) governs, since the claim is based on the written “Resolution to Obtain Credit With or Without Security and to Contract for Services” (Resolution) authorizing Kugler to trade on GGI’s investment account. The Resolution, which governs Kugler’s investment services to GGI, refers to a “Clearing Agreement,” that contains a provision limiting the trading activity to only government-issued or government-backed securities. Further, while the initial breach occurred in June 2003, when Kugler first purchased the BKN stocks on GGI’s behalf without GGI’s knowledge, he still had a continuous duty to invest the money under the agreement. Thus, the statute of limitations did not bar claims relating to investments made within the six-year period.
The fraud claims, however, are time-barred. GGI does not dispute that fraud claims are governed by a three-year statute of limitations in Connecticut (see Conn Gen Stat § 52-577). Nor does it dispute that the fraud claim accrued at the latest on August 2005. Rather, it contends that under the equitable tolling doctrine, the statute of limitations did not begin to run until September 2008, when it became aware of the pump and dump scheme. Although GGI did not raise the equitable tolling argument before the motion court this Court may still consider the argument on appeal, as GGI “does not allege new facts but, rather, raises a legal argument which appeared upon the face of the record and which could not have been avoided ... if *435 brought to [defendants’] attention at the proper juncture” (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009] [internal quotation marks and citation omitted]; see also Chateau D’If Corp. v City of New York, 219 AD2d 205, 209 [1996], lv denied 88 NY2d 811 [1996]). Nevertheless, the doctrine of equitable tolling does not save the fraud claims from being time-barred. The complaint alleges that the fraud claim accrued in June 2003 when Kugler first purchased BKN stocks with GGI’s money. It further alleges that Kugler affirmatively and intentionally concealed the fraudulent conduct until August 2005, when he admitted to the unauthorized trades. Thus, the statute of limitations was tolled until August 2005.
GGI’s argument that post-August-2005 concealment further tolled the running of the statute of limitations to September 2008 is unpersuasive. In Connecticut, fraudulent concealment does not toll the statute of limitations where the plaintiff has learned of information that would lead to the discovery of a cause of action through due diligence (Mountaindale Condominium Assn., Inc. v Zappone, 59 Conn App 311, 322, 757 A2d 608, 616 [2000], cert denied 254 Conn 947, 762 A2d 903 [2000]; see also World Wrestling Entertainment, Inc. v THQ, Inc., 2008 WL 4307568, *11-12, 2008 Conn Super LEXIS 2256, *34-36 [Aug. 29, 2008, No. X05CV065002512S] [citing Connecticut cases]; Chien v Sky star Bio Pharm. Co., 623 F Supp 2d 255, 265-266 [D Conn 2009], affd 378 Fed Appx 109 [2d Cir 2010], cert denied 563 US —, 131 S Ct 2455 [2011]). Thus, when Kugler admitted to GGI in August 2005 that he made unauthorized trades, due diligence by GGI at that point would have revealed the fraudulent scheme.
In light of the forgoing, we need not consider the arguments raised on the cross appeal.
Concur — Acosta, J.E, Andrias, Saxe, Freedman and Feinman, JJ.