Shandong Yuyuan Logistics Co., Ltd. v Soleil Chartered Bank (2022 NY Slip Op 05623)

Shandong Yuyuan Logistics Co., Ltd. v Soleil Chartered Bank

2022 NY Slip Op 05623

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 653707/18 Appeal No. 16335 Case No. 2022-01428 

[*1]Shandong Yuyuan Logistics Co., Ltd., Plaintiff-Respondent,
v
Soleil Chartered Bank et al., Defendants-Appellants.

Peyrot & Associates, P.C., New York (David C. Van Leeuwen of counsel), for appellants.
DGW Kramer LLP, New York (Jacob Chen of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about March 29, 2022, which denied defendants' motion for summary judgment, unanimously modified, on the law, to dismiss the cause of action for breach of contract, and otherwise affirmed, without costs.
Plaintiff made a sale of goods, secured with a letter of credit issued by Soleil Chartered Bank (SCB). The goods were delivered as agreed between plaintiff and its buyer, and plaintiff submitted documents to SCB so that it could be paid under the letter of credit. However, SCB declined to pay, asserting that the documents were nonconforming because plaintiff had not presented an acknowledged certificate of quality, as required by the letter of credit's terms. Plaintiff commenced this action, interposing causes of action for breach of contract and unjust enrichment.
After searching the record (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209-210 [1st Dept 1996], lv denied 88 NY2d 811 [1996]), we find that the cause of action for breach of the letter of credit should have been dismissed. Although acknowledgment of a certificate of quality is a mere ministerial act, letters of credit must be strictly construed and performed in compliance with their stated terms (Nissho Iwai Europe v Korea First Bank, 99 NY2d 115, 121 [2002]). Thus, failure to present an acknowledged certificate of quality was a sufficient basis to reject the documents submitted on the letter of credit.
Moreover, according to the unrebutted testimony of defendant Govind Srivastava, plaintiff's bank had five days from October 26, 2016 — the date that SCB rejected the documents as nonconforming — to respond to SCB under the relevant rules and regulations of the International Chamber of Commerce; nevertheless, plaintiff's bank failed to do so. Further, although the letter of credit states that it was to expire on November 10, 2016, it was not until November 25, 2016, more than two weeks later, that plaintiff told defendants that its buyer, which was the applicant for the letter of credit, had accepted the discrepancy. By that time, however, SCB had no liability on the letter. Thus, even without the affidavit submitted by defendants' expert regarding the presentation of documents on the letter of credit — an affidavit that the motion court rejected as insufficient — the motion should have been granted. Since we are dismissing the cause of action for breach of contract as against SCB, which issued the letter of credit, we also dismiss it as against the remaining defendants (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]).
With respect to the remaining cause of action, which alleges a cause of action for unjust enrichment, Srivastava and defendant Soleil Capitale Corporation (SCC) are not entitled to summary judgment, as they have not established an absence of material fact on the issue of whether they were alter egos of SCB. On the contrary, Srivastava's affirmation[*2], which defendants submitted in support of their motion, failed entirely to address the alter ego allegations in the amended complaint. Since "defendants did not meet their prima facie burden, the burden never shifted to plaintiff to raise a triable issue of fact" (Hairston v Liberty Behavioral Mgt. Corp., 157 AD3d 404, 406 n 2 [1st Dept 2018], lv dismissed 31 NY3d 1036 [2018]; see Artalyan, Inc. v Kitridge Realty Co., Inc., 79 AD3d 546, 547 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022