Kamco Supply Corp. v Nastasi & Assoc., Inc. (2023 NY Slip Op 02459)

Kamco Supply Corp. v Nastasi & Assoc., Inc.

2023 NY Slip Op 02459

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 651725/15 Appeal No. 219-220 Case No. 2021-01306 2021-01428 

[*1]Kamco Supply Corp. etc., Plaintiff-Respondent,
v
Nastasi & Associates, Inc., et al., Defendants,

Meltzer, Lippe, Goldstein & Breitstone LLP, Mineola (Manny A. Frade of counsel), for appellants.
Marshall M. Stern, P.C., Huntington Station (Marshall M. Stern of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered April 20, 2021, awarding plaintiff damages, interest, costs, and disbursements totaling $1,445,833.63, and bringing up for review an order, same court and Justice, entered April 9, 2021, which, after a nonjury trial, denied the motion of defendants J.T. Magen & Company Inc. and Liberty Mutual Insurance Company (collectively, defendants) for a directed verdict, granted plaintiff's motion to conform the pleadings to the proof at trial, and directed the Clerk to enter judgment in favor of plaintiff, unanimously reversed, on the law, without costs, the judgment vacated, defendants' motion granted, and plaintiff's motion denied. The Clerk is directed to enter judgment dismissing the complaint as against defendants. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In light of the evidence at trial, defendants were entitled to a directed verdict dismissing the lien foreclosure claim, as plaintiff, a materialman to a subcontractor on the construction project, failed to carry its burden of showing that the owner of the construction project owed any money to J.T. Magen, the general contractor. Without a showing that the property owner owed any money to J.T. Magen when the lien was filed, there was nothing to which the lien could attach (see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d 171, 176 [2d Dept 2013], lv denied 23 NY3d 907 [2014]; 104 Contrs. v R.T. Golf Assoc., 270 AD2d 817, 818 [4th Dept 2000]; 8 Warren's Weed New York Real Property § 92.11[4][c][i]).
Supreme Court should also have denied plaintiff's motion to conform the pleadings to the proof at trial to assert a cause of action alleging diversion of trust funds in violation of Lien Law article 3-a against defendants, as the cause of action was barred by the one-year statute of limitations (Lien Law § 77[2]; see e.g. Eurocraft Millwork, Inc. v B&B Constr., Inc., 172 AD3d 641, 642 [1st Dept 2019]). While defendants did not specifically raise their statute of limitations argument before Supreme Court, we nevertheless review it because it is a purely legal argument appearing on the face of the record, and could not have been avoided if timely raised (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023